686 A.2d 322

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. KIM FINKLEA, A/K/A RONALD HICKMAN,
DEFENDANT–RESPONDENT.

Argued October 8, 1996—Decided December 30, 1996.

*Teresa A. Blair*, Deputy Attorney General, argued the cause for appellant (*Peter G. Verniero*, Attorney General of New Jersey, attorney).

*Cecelia Urban*, Assistant Deputy Public Defender, argued the cause for respondent (*Susan L. Reisner*, Public Defender, attorney).

The opinion of the Court was delivered by

COLEMAN, J.

The issue raised in this appeal is whether a conviction may be upheld after a trial *in absentia* where, at a pretrial conference, a defendant is given actual notice of the date, time, and place of the trial and is advised that the trial will proceed *in absentia* if the defendant fails to appear on the scheduled trial date.

█ The trial court notified defendant of his original trial date. When defendant failed to appear on the original trial date and on two rescheduled trial dates, the trial proceeded *in absentia* and a jury convicted defendant of second-degree robbery. The Appellate Division reversed in an unpublished opinion, finding that it was error to proceed *in absentia* because defendant did not have actual notice of the rescheduled trial date. We granted certification, 144 *N.J.* 175, 675 *A.*2d 1123 (1996), and now reverse. We hold that once a defendant has been given actual notice of a scheduled trial date, nonappearance on the scheduled or adjourned trial date is deemed a waiver of the right to be present during the trial absent a showing of justification by the defendant.

I

Defendant was indicted by an Essex County grand jury on September 29, 1993, for second-degree robbery, a violation of *N.J.S.A.* 2C:15–1. The indictment alleged that defendant used force to steal a gold necklace from the neck of Kena Loyal. Defendant entered a not guilty plea to the indictment. When defendant rejected a plea offer at a plea conference on December 6, 1993, the trial court notified him and his attorney that trial would commence on January 10, 1994. The trial court informed defendant, who was on bail pending trial, and his attorney that if

defendant failed to appear for the scheduled trial, the trial would proceed in his absence.

On January 10, 1994, defendant failed to appear. The trial court adjourned the case until January 24, 1994, to allow defense counsel an opportunity to locate defendant for trial. Defendant did not appear on January 24, 1994, either. Defense counsel argued that the trial should not proceed *in absentia* because the court had not given defendant actual notice of the rescheduled trial date. The court rejected counsel's argument, but granted a one-day continuance for counsel to produce defendant. Defendant failed to appear on January 25, 1994, and the trial proceeded *in absentia.*

The jury convicted defendant of second-degree robbery. The court vacated defendant's bail and issued a bench warrant for his arrest. Defendant was arrested pursuant to the warrant and produced for sentencing. He was sentenced to a custodial term of eighteen years with nine years of parole ineligibility.

Before the Appellate Division, defendant argued that he did not have notice of the rescheduled trial date. The Appellate Division concluded that, although the trial court could have tried defendant *in absentia* on the January 10, 1994, scheduled trial date, it was error to proceed *in absentia* on January 25, 1994, because defendant did not have actual notice of the rescheduled trial date. The Appellate Division further concluded that rather than trying defendant *in absentia*, the trial court should have issued a bench warrant for defendant's arrest.

## II

The State argues that the Appellate Division misapplied *Rule* 3:16 by requiring the trial court to give defendant actual notice of the rescheduled trial date after defendant knowingly and voluntarily waived his right to be present on the original trial date. The State maintains that this appeal is governed by *State v. Hudson*, 119 *N.J.* 165, 574 *A.*2d 434 (1990). The State argues that the adjournment of the trial at the request of defense counsel

should not vitiate defendant's knowing and voluntary waiver of his right to be present at the trial, especially when the adjournment was for defendant's benefit. Thus, the State argues, defendant's failure to appear on the original trial date, after being notified of the trial date and the consequences of his absence, constituted a waiver of his right to appear at the trial.

Defendant asserts that *Hudson* allows a trial to be held *in absentia* on a rescheduled trial date only where the defendant has actual notice of the time, place, and date of the rescheduled trial. Defendant further argues that the trial court did not make a sufficient effort to determine his whereabouts or the reason for his absence. He maintains that before proceeding *in absentia*, a trial court should be required to weigh several factors, such as difficulty of rescheduling, and the likelihood that the defendant will appear in the near future.

Defendant also argues that, in light of the United States Supreme Court's decision in *Crosby v. United States*, 506 *U.S.* 255, 113 *S.Ct.* 748, 122 *L.Ed.*2d 25 (1993), this Court should modify *Rule* 3:16 and *Hudson* to make them consistent with *Federal Rule of Criminal Procedure* 43 and *Crosby*, which prohibit a trial *in absentia* of a defendant who absconds *before* the trial begins. *Id.* at 256, 113 *S.Ct.* at 750, 122 *L.Ed.*2d at 29.

### III

The right to be present at trial is a matter of constitutional imperative. Both the United States and the New Jersey Constitutions guarantee criminal defendants the right to be confronted with witnesses against them. *U.S. Const.* amend VI; *N.J. Const.* art. I, ¶ 10. As part of that right, defendants are guaranteed the right to be present in the courtroom at every stage of the trial. *Illinois v. Allen*, 397 *U.S.* 337, 338, 90 *S.Ct.* 1057, 1058, 25 *L.Ed.*2d 353, 356, *reh'g denied*, 398 *U.S.* 915, 90 *S.Ct.* 1684, 26 *L.Ed.*2d 80 (1970) (citing *Lewis v. United States*, 146 *U.S.* 370, 13 *S.Ct.* 136, 36 *L.Ed.* 1011 (1892)); *Hudson, supra*, 119 *N.J.* at 171, 574 *A.*2d 434; *State v. Smith*, 29 *N.J.* 561, 578, 150 *A.*2d 769, *cert.*

*denied,* 361 *U.S.* 861, 80 *S.Ct.* 120, 4 *L.Ed.*2d 103 (1959). The right to be present at trial is also significant for Fourteenth Amendment purposes because the right is a condition of due process to the extent that a defendant's absence would hinder a fair and just hearing. *Hudson, supra,* 119 *N.J.* at 171, 574 *A.*2d 434 (citing *Snyder v. Massachusetts,* 291 *U.S.* 97, 107–08, 54 *S.Ct.* 330, 333, 78 *L.Ed.* 674, 679 (1934)).

Furthermore, a defendant's right to be present at trial promotes public confidence in our courts. *Id.* at 172, 574 *A.*2d 434 (citing *United States v. Peterson,* 524 *F.*2d 167, 184 (4th Cir.1975), *cert. denied,* 424 *U.S.* 925, 96 *S.Ct.* 1136, 47 *L.Ed.*2d 334 (1976)). The right also enables a defendant to communicate with counsel, and to participate in trial strategy, *ibid.* (citing *Illinois v. Allen, supra,* 397 *U.S.* at 344, 90 *S.Ct.* at 1061, 25 *L.Ed.*2d at 359), including cross-examination. *Ibid.* (citing *Douglas v. Alabama,* 380 *U.S.* 415, 418, 85 *S.Ct.* 1074, 1076, 13 *L.Ed.*2d 934, 937 (1965)). In addition, the right to be present allows defendants to participate in the trial itself. *Ibid.* (citing *Faretta v. California,* 422 *U.S.* 806, 95 *S.Ct.* 2525, 45 *L.Ed.*2d 562 (1975)).

█ A defendant's right to be present at all stages of a criminal trial, however, does not preclude a trial from proceeding without a defendant's presence. As early as 1912, the United States Supreme Court recognized that an absolute bar to trials *in absentia* would allow defendants to halt trials merely by absenting themselves. *Diaz v. United States,* 223 *U.S.* 442, 458, 32 *S.Ct.* 250, 255, 56 *L.Ed.* 500, 506 (1912).

Consistent with the *Diaz* holding that the right to be present at trial is not absolute, the ability of the federal government to proceed to trial *in absentia* is limited to the circumstances enunciated in *Rule* 43 of the Federal Rules of Criminal Procedure. That rule provides:

> (a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) *Continued Presence Not Required.* The further progress of the trial to and including the return of the verdict . . . will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, *initially present* . . .

  (1) is voluntarily absent after the trial has commenced. . . .

[*Fed.R.Crim.P.* 43 (emphasis added).]

In 1948, this Court adopted then *Rule* 2:10–2, which was similar to *Federal Rule* 43. It provided in relevant part:

The defendant shall be present at the arraignment, at the pretrial conference if any, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death the defendant's *voluntary absence after the trial has been commenced in his presence* shall not prevent continuing the trial to and including the return of the verdict.

[*R.* 2:10–2 (emphasis added).]

In 1953, *Rule* 2:10–2 was amended to eliminate the requirement that a defendant be present at any pretrial conferences. In 1969, the *Rule* was modified by deleting the requirement that trial could not continue in the voluntary absence of a defendant charged with a capital crime. By 1992, the rule number had been changed to *Rule* 3:16. In that year, the *Rule* was amended to delete the requirement that a defendant be present when the trial commences. That amendment permitted a defendant to waive his or her right to be present at trial by either a written or oral waiver or by conduct evincing what is in effect such a waiver. At the same time, *Rule* 3:20–2 was amended to require a new trial motion based on alleged non-waiver to be made prior to sentencing, and *Rule* 3:21–4(b) was revised to permit a sentence to be imposed in the absence of a defendant who had filed a written waiver of his right to be present. In 1995, that provision of the rule was revised again to incorporate a cross reference to *Rule* 3:22–10 and to render the text gender-neutral.

The 1992 version of *Rule* 3:16 in effect when defendant committed the present robbery and at the commencement of his trial provided in relevant part:

(b) *At trial or post-conviction proceedings.* The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by Rule.

Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found either from (a) the defendant's express written or oral waiver placed on the record, or (b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after (1) the defendant has received actual notice in court of the trial date, or (2) trial has commenced in defendant's presence.

[*R.* 3:16.]

Although *Rule* 3:16 is modeled after *Federal Rule* 43, the 1992 amendments to *Rule* 3:16 that were made at the Court's direction in *Hudson* eliminated the distinction between defendants who fail to appear at the commencement of trial and those who fail to appear thereafter. *Hudson, supra,* 119 *N.J.* at 182, 574 *A.*2d 434.

## IV

We agree with the State that *Hudson* and *Rule* 3:16 as amended in 1992, are dispositive of this appeal. In *Hudson,* two defendants were present in the courtroom on the morning of trial, but prior to the impaneling of a jury, scheduled for later that day, they left the courtroom. *Hudson, supra,* 119 *N.J.* at 168, 574 *A.*2d 434. Because one of the defense attorneys was engaged in a different case before another judge, the Hudson case was delayed until the afternoon session. When the defendants failed to return to the courtroom for the afternoon session, the trial court determined that they had voluntarily absented themselves and ordered jury selection to begin. *Id.* at 169, 574 *A.*2d 434. The trial proceeded *in absentia,* and the defendants were convicted. *Id.* at 169–70, 574 *A.*2d 434. This Court upheld the defendants' convictions because both defendants knew the place and time of trial and their absence was inexcusable. *Id.* at 183, 574 *A.*2d 434. (One defendant claimed that he was "shaken up" and the other claimed a fear of incarceration.)

*Hudson* held that "a defendant's knowing, voluntary, and unjustified absence before or after trial has commenced does not prevent trial from proceeding *in absentia.*" *Id.* at 182, 574 *A.*2d 434. The Court explained that "[w]e see no principled reason to distinguish 'between the misconduct of a defendant who deliber-

ately leaves the courtroom shortly after the trial begins and that of a defendant who does so after he has been told that the trial is about to begin.'" *Id.* at 181, 574 *A.*2d 434 (quoting *People v. Sanchez,* 65 *N.Y.*2d 436, 492 *N.Y.S.*2d 577, 581, 482 *N.E.*2d 56, 60 (1985)). Such a distinction would permit a defendant to stall a trial by simply failing to appear before the beginning of trial. *Ibid.*

*Hudson* was decided on May 30, 1990, and pursuant to its mandate, *Rule* 3:16 was amended effective September 1, 1992, to eliminate the distinction between defendants who elect to leave the courtroom after the trial commences and those who waive the right to be present before the trial begins. Consequently, when defendant failed to appear for trial on January 10, 1994, without asserting a justifiable excuse, the trial court could have inferred a waiver of his right to appear pursuant to *Rule* 3:16(b) and proceeded to try defendant *in absentia.* But the court did not do that. The court chose, instead, to adjourn the matter for two weeks to allow defense counsel an opportunity to produce defendant for trial. When defendant did not appear for trial on January 24, the trial court granted an additional one-day continuance. When defendant failed to appear on January 25, the trial proceeded without him.

Although it is conceded that defendant "received actual notice in court of the trial date" of January 10, 1994, as required by *Rule* 3:16(b)(1), defendant argues that the trial court should have been required to give actual notice to him of the adjourned trial date. The impracticality of that proposition is self-evident.

If a defendant does not appear in court for trial after being informed in court of the trial date and supplemental notification by defense counsel, a requirement that the trial court must give notice of an adjourned date would vest in a defendant the power to prevent the trial from proceeding until the defendant is willing to appear. Neither constitutional law, nor our rules of criminal procedure, require such extreme measures. "We cannot allow crowded court calendars to be disrupted by defendants who

knowingly and voluntarily absent themselves from trial...."
*Hudson, supra,* 119 *N.J.* at 183, 574 *A.*2d 434. Because it was
defendant's defiance of the judicial system that delayed the first
scheduled trial, a new notice would not likely bring about a
different result. Furthermore, to adopt defendant's argument
would punish the trial court for being considerate enough of
defendant to grant two adjournments when it could have found a
waiver under *Rule* 3:16 without granting a single adjournment.
Such a holding would also be counterproductive for defendants
because trial courts would rarely grant adjournments when defen-
dants are not in the courtroom at the time of the request. Hence,
we reject the contention.[1]

Defendant further contends that the trial court should not have
inferred a waiver without first conducting a hearing. Here, too,
the answer is self-evident. When the trial court informed defense
counsel on January 24, 1994, that the trial would commence the
next day, defense counsel did not at that time, or at any time,
attempt to persuade the court that counsel was aware of facts that
justified defendant's absence. Nor was a motion for a new trial
made based on a claim that the waiver was unjustified.

*Rule* 3:20–2 requires a defendant who wishes to assert that
he or she did not waive his or her appearance for trial to make a
motion for a new trial prior to sentencing. At a hearing on the
motion, a defendant has the burden to show why the defendant's
voluntary absence at the trial after receiving actual notice of the
trial date, time, and place, does not constitute a knowing and
voluntary waiver of the right to be present. The State does not
have the burden of proving that a defendant's absence is unjusti-
fied. To the contrary, a defendant has the burden of proving the
absence was justified. Where, as here, the record reflects that a
defendant was informed in court of the time and place of trial, and

---

[1] Although not required by *Rule* 3:16, the better practice is to notify a
defendant while he or she is in the courtroom that the waiver provisions of the
*Rule* apply to the date fixed for trial and all adjourned trial dates.

he or she fails to appear and also fails to file the appropriate motion challenging the waiver, the failure to make the appropriate motion before the trial court constitutes a second waiver pursuant to *Rule* 3:16(b). *See State v. Butler,* 278 *N.J.Super.* 93, 101, 650 *A.*2d 397 (App.Div.1994) (holding that absence following proper notice creates an inference of waiver).

█ We also reject as impractical, the Appellate Division's conclusion that the trial court should have issued a bench warrant for defendant's arrest when he did not appear for trial rather than proceed to try defendant *in absentia.* The Court recognized in *Hudson* that the decision whether to try a defendant *in absentia,* or adjourn the case, was addressed to the trial court's discretion. *Hudson, supra,* 119 *N.J.* at 183, 574 *A.*2d 434. As with *Hudson,* we are satisfied that trial courts may consider other options, such as issuing bench warrants, rather then trying a defendant *in absentia.* We decline, however, to adopt a rule mandating that a bench warrant for the arrest of a defendant be issued rather than utilizing the waiver option when appropriate under *Rule* 3:16. Furthermore, the bench warrant option is impracticable because it would simply magnify the existing problem of overcrowding in the county correctional facilities.

█ Finally, defendant argues that this Court should adopt the holding in *Crosby v. United States, supra,* and limit trials *in absentia* to cases in which a defendant was present when the trial commenced. Although *Crosby* was decided after this Court's decision in *Hudson,* it interpreted *Federal Rule* 43 which contains that restriction. As noted above, *ante* at 217–219, 686 *A.*2d at 325–326, *Hudson* mandated a change in *Rule* 3:16 to eliminate a distinction based on whether a defendant was or was not present when the trial commenced. *Hudson, supra,* 119 *N.J.* at 181–82, 574 *A.*2d 434. *Crosby* is based solely on the distinction between *Federal Rule* 43 and our *Rule* 3:16. The Court in *Crosby* stated "[t]he language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial in absentia of a defendant who is not present at the beginning of trial. *Because we find*

*Rule 43 dispositive, we do not reach Crosby's claim that his trial in absentia was also prohibited by the Constitution."* *Crosby, supra,* 506 *U.S.* at 262, 113 *S.Ct.* at 753, 122 *L.Ed.*2d at 33 (emphasis added). The Court emphasized that its decision did not rest on any constitutional consideration. *Ibid.* Absent any constitutional mandate limiting trials *in absentia* to cases in which a defendant is present when the trial commences, *Rule* 3:16 controls. We, therefore, reaffirm our holding in *Hudson.*

## V

We hold that the trial court properly inferred from defendant's absence from the courtroom on January 10, 1994, and the two adjourned trial dates, that he had waived his right to be present at the trial within the meaning of *Rule* 3:16(b).

The judgment of the Appellate Division is reversed.

*For Reversal*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.