773 A.2d 61

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LAWRENCE WHALEY, DEFENDANT–APPELLANT.

Argued January 2, 2001—Decided June 11, 2001.

*Mordecai D. Garelick*, Assistant Deputy Public Defender, argued the cause for appellant, (*Peter A. Garcia*, Acting Public Defender, attorney; *Mr. Garelick* and *Patricia A. Nichols*, Designated Counsel, on the briefs).

*Annmarie Cozzi*, Assistant Prosecutor, argued the cause for respondent, (*William H. Schmidt*, Bergen County Prosecutor, attorney).

*Christine A. Hoffman,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey, (*John J. Farmer, Jr.,* Attorney General, attorney).

The opinion of the Court was delivered by

LaVECCHIA, J.

This case involves a defendant who was tried and convicted *in absentia* on charges related to his alleged participation in drug trafficking. We must determine whether it was proper to have proceeded with trial in defendant's absence. In an unpublished opinion, the Appellate Division affirmed defendant's conviction. We granted certification, 164 *N.J.* 189, 752 *A.2d* 1291 (2000), to review whether defendant waived his right to be present at trial.

## I.

Defendant was indicted in July 1995 for first-degree possession of a controlled dangerous substance with intent to distribute in violation of *N.J.S.A.* 2C:35–5a(1) and *N.J.S.A.* 2C:35–5b(1), and third-degree possession of cocaine in violation of *N.J.S.A.* 2C:35–10a(1). The indictment alleged that on April 14, 1995, defendant, an Ohio resident, and co-defendant Robert Lovejoy were transporting cocaine when New Jersey State troopers stopped and searched their vehicle and discovered the controlled dangerous substance.

Defendant pled not guilty at his arraignment on September 5, 1995. The trial court directed him to appear on October 16, 1995, for a pretrial status conference. Defendant signed the order entered on September 5, 1995, which stated in part:

> The parties shall next appear and be ready for ... another status conference on October 16, 1995. NO FURTHER NOTICE WILL BE PROVIDED. If you do not appear on the next scheduled date or on the trial date, you will lose any bail that has been posted; a bench warrant will be issued for your arrest; and the trial shall proceed without you.

Defendant appeared for that October 16, 1995, pretrial conference, and the trial court directed him to appear next at a hearing

scheduled for November 17, 1995, on defendant's motion to suppress evidence. Defendant signed that pretrial conference order, which informed defendant in part:

> The parties shall next appear and be ready for [a] Motion ... on November 17, 1995.... If you do not appear on the next scheduled date or on the trial date, you will lose any bail that has been posted; a Bench Warrant will be issued for your arrest; and the trial shall proceed without you.

That October 1995 appearance is the last occasion clearly indicated in the record that defendant actually was present in court until September 1997, which was after defendant's trial *in absentia.* That no trial date was set at either of the two in-court appearances made by defendant in September and October 1995 is undisputed.

The progression of the case stalled immediately after that second in-court appearance by defendant in October 1995. Numerous dates for the motion to suppress were adjourned over the ensuing months at the request of either or both defendants. Defendant was never in court for any of those dates. The motion to suppress finally was heard on March 31 and April 1, 1997. The trial court proceeded on the basis that defendant's counsel had consented throughout to continue defendant's *Hudson* charge pursuant to *Rule* 3:16 and *State v. Hudson*, 119 *N.J.* 165, 181–82, 574 *A*.2d 434 (1990).

Prior to taking testimony on the motion to suppress, the trial court noted that "pursuant to *Hudson Hall*, the defendant ... is not here and we're proceeding in his absence based on representation—[defendant] is not here and [defense counsel has] been unsuccessful in getting him here...." Defendant's counsel then informed the court that counsel had

> been in contact with the person to whom [defendant] asked me to notify ... of any court dates, and that person was advised by me and has been advised on several occasions of the trial dates in this matter, and she has attempted to contact [defendant]. As far as I know she hasn't been successful in doing that, but she was notified, and the letter that I sent to [defendant] was returned, no longer at the address that he [gave] ... to me.

At that point, the prosecutor stated:

> On October 16th, 1995, defendant Lawrence Whaley was given in writing at the pretrial/status conference an order, the date for the motion to suppress on

November 17, 1995, and at that time, Judge, it's also listed on that order that if defendant did not appear on that date, that trial shall proceed in his absence, a warrant issue. Defendant did sign that form, subsequent to that there have been numerous adjournment dates, starting from November '95 there were nine more adjournment dates 'till today's date, and on several of those occasions, [counsel for both defendants] had made representations that accepted a continuing *Hudson* charge now in [the] tradition of *State v. Hall,* where an adjourn[ed] date would also continue to have the same restrictions.

The court ultimately denied the motion to suppress. A joint trial then commenced against defendant and co-defendant on April 2, 1997. Defendant was absent throughout the trial. The jury acquitted defendant and co-defendant of first-degree possession of cocaine with intent to distribute, but found each of them guilty of second-degree possession of cocaine with intent to distribute and third-degree possession of cocaine. The trial court issued a bench warrant for defendant's arrest, noting that he "failed to appear pursuant to *Hudson.*" Five months later, defendant was arrested in Florida and returned to New Jersey. On September 15, 1997, when defendant appeared in court, the trial court canceled the bench warrant and set a sentencing date of October 17, 1997, allocating time for a pre-sentence investigation (P.S.I.) report to be completed.

A Bergen County probation officer interviewed defendant at the Bergen County jail in September 1997 and prepared a P.S.I. report that provided in pertinent part:

Defendant became a fugitive and was found guilty in absentia. Defendant admitted that he did not show up for his court date because of the amount of prison time on these charges. Defendant said he was offered 20 years NJSP on a plea bargain or go to trial and get forty years. Defendant admitted that he "split and ran" and worked under the alias of Don Earles in Florida until he was apprehended.

On October 17, 1997, defendant appeared for sentencing, at which time he moved for a new trial pursuant to *Rule* 3:20–2 on the ground that he did not waive his right to appear at trial because he was unaware of the trial date. The trial court denied the motion because "the time window for a new—new trial motion is ten days after [defendant] was *in absentia* at that point. That's out of time and that's denied." The court sentenced defendant to an eighteen-year term of imprisonment with a nine-year period of

parole ineligibility for the second-degree conviction, and a concurrent four-year term for the third-degree conviction, and imposed appropriate fees and penalties.

In November 1997, defendant moved for reduction of sentence. That motion was denied. As noted earlier, the Appellate Division affirmed defendant's conviction but remanded for entry of an amended judgment to reflect merger of the convictions.

## II.

Defendant claims that his constitutional rights were violated in two respects. First, defendant asserts that his constitutional right to attend trial was violated when trial was held in his absence. Defendant maintains that the trial court should not have permitted a trial *in absentia* without first determining that the trial date actually had been communicated to him. Second, defendant contends that his due process rights were violated because the trial court failed to conduct a hearing on his motion for a new trial following his conviction. Although he acknowledges that trial could have proceeded in his absence if he had waived his right to be present, defendant argues that the trial court should have afforded him a full hearing pursuant to *Rule* 3:20–2 to prove that he did not waive that right.

 The United States and New Jersey Constitutions guarantee criminal defendants the right to confront witnesses against them. *U.S. Const.* amend. VI; *N.J. Const.* art. I, ¶ 10. An essential element of that guarantee is the right of the accused to be present in the courtroom at every stage of the trial. *Illinois v. Allen,* 397 *U.S.* 337, 338, 90 *S.Ct.* 1057, 1058, 25 *L.Ed.*2d 353, 356 (1970) (citing *Lewis v. United States,* 146 *U.S.* 370, 13 *S.Ct.* 136, 36 *L.Ed.* 1011 (1892)); *State v. Hudson,* 119 *N.J.* 165, 171, 574 *A.*2d 434 (1990); *State v. Smith,* 29 *N.J.* 561, 578, 150 *A.*2d 769, *cert. denied,* 361 *U.S.* 861, 80 *S.Ct.* 120, 4 *L.Ed.*2d 103 (1959). A criminal defendant's right to be present at trial also is a condition of the Due Process Clause of the Fourteenth Amendment to the extent that a defendant's absence would hinder a fair and just

hearing. *Hudson, supra,* 119 *N.J.* at 171, 574 *A.*2d 434 (citing *Snyder v. Massachusetts,* 291 *U.S.* 97, 107–08, 54 *S.Ct.* 330, 333, 78 *L.Ed.* 674, 679 (1934), *overruled on other grounds, Duncan v. Louisiana,* 391 *U.S.* 145, 88 *S.Ct.* 1444, 20 *L.Ed.*2d 491 (1968)).

■ Although the right to be present at trial is a matter of constitutional imperative, that right is not absolute. Under certain conditions, a trial may proceed without a defendant's presence. Nearly a century ago, the United States Supreme Court recognized that an absolute constitutional prohibition on trial *in absentia* was contrary to common sense and practicality; reposing in a criminal defendant the power to prevent trials from proceeding by merely absenting himself allows him to " 'take advantage of his own wrong.' " *Diaz v. United States,* 223 *U.S.* 442, 458, 32 *S.Ct.* 250, 255, 56 *L.Ed.* 500, 506 (1912) (quoting *Falk v. United States,* 15 *App.D.C.* 446, 454 (1899), *error dismissed,* 180 *U.S.* 636, 21 *S.Ct.* 922, 45 *L.Ed.* 709 (1901)). The public interest in the orderly administration of justice is frustrated when an accused, placed on trial and afforded ample legal safeguards, " 'can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty.' " *Ibid.*

The principle of waiver of the right to be present at one's own trial, as articulated initially in *Diaz,* represents a reconciliation of a defendant's constitutional right with the criminal justice system's practical need to pursue justice when a defendant absents himself. New Jersey has codified that waiver principle, as was explained in *State v. Hudson, supra,* 119 *N.J.* at 174–75, 574 *A.*2d 434. At the time *Hudson* was decided, *Rule* 3:16 provided that "the defendant's voluntary absence *after trial has commenced in his presence* shall not prevent its continuing to and including the return of the verdict." *Id.* at 175, 574 *A.*2d 434 (emphasis added). In *Hudson,* the Court found no principled basis for distinguishing between the misconduct of a defendant who leaves the courtroom after the trial begins and the misconduct of a defendant who

leaves after being informed that the trial is about to begin; the absence in either case "indicates a defiance of the judicial system and can lead to a severe disruption of the criminal calendar." *Id.* at 181, 574 *A.*2d 434. Such a distinction would vest in a defendant the power to stall a criminal trial simply by not appearing before the start of trial. *Ibid.* The Court in *Hudson* thus held "that a defendant's knowing, voluntary, and unjustified absence before or after trial has commenced does not prevent trial from proceeding *in absentia.*" *Id.* at 182, 574 *A.*2d 434.

The Court cautioned, however, that "[a]dequate notice to the defendant is an essential element of a knowing waiver of the right to attend trial." *Ibid.* The Court suggested that arraignment was the best formal opportunity to provide a defendant with notice of the right to attend trial. *Ibid.* Addressing the circumstances under which a trial court could proceed *in absentia,* the Court held that

> a defendant's inexcusable absence from trial, under circumstances demonstrating knowledge of the time and place of trial, the right to be present, and that the trial may proceed if defendant is absent, constitutes a sufficient basis for a trial court's decision to proceed. We cannot allow crowded court calendars to be disrupted by defendants who knowingly and voluntarily absent themselves from trial, and then seek reversal of their convictions on the ground that the trial date could conveniently have been rescheduled.
>
> [*Id.* at 183, 574 *A.*2d 434.]

Pursuant to the mandate of *Hudson,* a number of Rule amendments were enacted. *See generally Report of the Supreme Court's Criminal Practice Committee,* 130 *N.J.L.J.* 558 (1992) (delineating Rule changes). *Rule* 3:9-1 now requires courts to inform defendants at arraignment of their right to be present at trial and of the consequences of nonappearance, including that trial could proceed in their absence. Pressler, *Current N.J. Court Rules,* comment on *R.* 3:16 (2001) (noting that *Rule* 3:9-1 was "amended to require defendant's right to be present at trial to be explained to him at arraignment"). Also, *Rule* 3:20-2 was revised to require a defendant's motion for a new trial to be made prior to sentencing when it is grounded on a claim that a failure to appear was involuntary and unknowing. Pressler, *supra,* comment on *R.*

3:20–2 (observing that *Rule* 3:20–2 "was amended effective September 1992 in implementation of the change then made in R. 3:16 by requiring a new trial motion based on alleged non-waiver of the right to be present at trial to be made before sentencing").[1]

Finally, *Rule* 3:16, amended effective September 1992, permits a waiver both before and after the commencement of trial, abolishing the distinction between a defendant who deliberately leaves the trial after it commences and a defendant who waives the right to be present before the trial starts. That Rule was amended "to permit the defendant to waive his right to be present at trial by either a written or oral waiver or by conduct evincing what is in effect such a waiver." Pressler, *supra*, comment on *R.* 3:16. *Rule* 3:16(b) now provides in pertinent part:

> The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, unless otherwise provided by Rule. Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found either from (a) the defendant's express written or oral waiver placed on the record, or (b) the defendant's conduct evidencing a knowing, voluntary, and unjustified absence after (1) the defendant has received actual notice in court of the trial date, or (2) trial has commenced in defendant's presence.
>
> [*R.* 3:16(b).]

Applied literally, the language of our current *Rule* 3:16(b) adopts the approach of requiring in-court notification to the defendant of the trial date, in order for a trial court to be assured of actual notice to a defendant when it infers that a knowing waiver of the right to be present at trial has occurred. Although proof of actual notice may come in a variety of forms, notice is indisputably "actual" when a trial court directly communicates the trial date to a defendant in court. *State v. Finklea*, 147 *N.J.* 211, 213, 686 *A.*2d 322 (1996) (noting that trial court notified defendant at plea conference that trial would commence on date certain); *State v. Butler*, 278 *N.J.Super.* 93, 101, 650 *A.*2d 397 (App.Div.1994) (con-

---

[1] *Rule* 3:21–4(b) also was amended to allow a court to impose sentence in the absence of a defendant who had filed a written waiver of his right to be present. That provision of the Rule was revised again in 1995 to incorporate a cross reference to *Rule* 3:22–10. Pressler, *supra*, comment 2 on *R.* 3:21–4(b).

cluding that defendant had notice of scheduled trial date because he attended hearing at which trial court, four days prior to trial, set date for trial).

## III.

◼ The record in this case precludes the conclusion that *Rule* 3:16(b) was implemented properly, literally applied or not. No evidence was presented prior to trial that defendant had received actual notice of 'the trial date. No one even contends that he received in-court notice of his trial date in accordance with the literal terms of *Rule* 3:16.

This record reveals a long and drawn-out course from arraignment of defendant in September 1995 to his conviction *in absentia* in April 1997. During the numerous steps leading to his conviction, defendant appeared in court twice and signed two orders, one at the time of his arraignment in September 1995 and another at his appearance at a pretrial conference in October 1995. The content of the orders was the same: defendant was warned that, if he failed to appear on the next scheduled date, or on the trial date that as of that time was not scheduled, he would lose any bail, a bench warrant would issue for his arrest, and trial would proceed in his absence. The September 1995 order specified the next appearance date as October 16, 1995, for a status conference. At that October 1995 status conference, defendant signed the second order, which specified the next appearance date as November 17, 1995, for a motion-to-suppress hearing. The court did not set a trial date at either in-court conference.

During the thirteen-month interval between October 1995 and the trial, counsel for defendant, with the acquiescence of the court, consented to continuing *Hudson* charges for defendant in the latter's absence. Conspicuously missing, however, is the condition precedent to the inference of a valid waiver of the right to be present at trial: waiver may be inferred only *after* a defendant has received actual notice of the trial date. The orders defendant signed included no notice of a trial date, and the record reflects no

in-court occasion on which the court notified defendant of a trial date.

When the motion to suppress finally was heard in March 1997, the trial court based its decision to proceed in defendant's absence on the representations of defense counsel. But the gist of defense counsel's comments to the court was that (1) he had notified defendant's contact person about court dates but that the contact person had been unsuccessful in her attempts to reach defendant, and (2) the letter defense counsel sent to defendant concerning the court date had been returned to counsel. Thus, defense counsel's essential representations to the court were that he had not informed defendant of the trial date and that the contact person had not done so either. The State points to the signed court orders at the Fall 1995 arraignment and pretrial conference and defense counsel's subsequent acceptance of continuing *Hudson* charges at later adjournments. But that argument overlooks the requirement of actual notice of a trial date under *Rule* 3:16(b). The hearing on the motion to suppress and the trial were allowed to proceed on the inadequate basis of defense counsel's limited representations that, if anything, militated against proceeding *in absentia.*

Trial *in absentia* is a severe consequence to flow from an implied waiver. As the Appellate Division has noted: "The right to be present should not be impaired as a form of punishment for disruption of the court's calendar or in the interest of moving old cases. Implementation of *R.* 3:16(b) must be done carefully, in strict adherence to its terms and with sensitivity to the importance of the right being denied." *State v. Sellars,* 331 *N.J.Super.* 110, 121–22, 751 *A.*2d 151 (App.Div.2000). As stated earlier, *Rule* 3:16 was not implemented properly, and even more fundamental to our determination, a fair reading of this record requires the conclusion that there was no actual notice of the trial date to defendant.

Because the record is conclusive concerning the failure to provide defendant with notice of a trial date, we need not review the adequacy of the trial court's hearing on defendant's motion for

a new trial. Defendant had moved pursuant to *Rule* 3:20–2, which permits him to challenge the finding of waiver of his right to be present at trial. Although our disposition makes it unnecessary for us to review the denial of the motion for a new trial under *Rule* 3:20–2, we note that we do not agree with the conclusion that defendant's motion was untimely because it was not filed within ten days after the verdict in his trial *in absentia*. The pertinent time period for filing a motion for a new trial based on a claim of nonwaiver of appearance for trial is "prior to sentencing." *R.* 3:20–2.

## IV.

This Court has sought to strike a proper balance between the careful protection of a criminal defendant's right to be present at trial and the government's prerogative to prosecute. The defendant's right to be present is not an invitation to obstruction; when the right to attend trial has been abused by frustrating the governmental prerogative to prosecute, we have acted to correct the balance. *See Finklea, supra,* 147 *N.J.* at 213, 686 *A.*2d 322 (holding "that once a defendant has been given actual notice of a scheduled trial date, nonappearance on the scheduled or adjourned trial date is deemed a waiver of the right to be present during the trial absent a showing of justification by the defendant"); *Hudson, supra,* 119 *N.J.* at 182, 574 *A.*2d 434 (holding that, notwithstanding literal language of *Rule* 3:16, trial could proceed *in absentia* based on defendant's knowing, voluntary, and unjustified absence before or after trial has commenced). In discussing the importance of "adequate notice" to a defendant of the time, date, and place of trial, the Court in *Hudson* noted that "a defendant is usually informed of the date and time of trial. Typically, defense counsel confers with the client, discusses trial strategy, and informs defendant when the trial will begin." *Ibid.* Presently, our Rule, read literally, prefers the assurance of in-court notification to a defendant of the trial date. But *Hudson* eschewed a literal construction of an earlier version of *Rule* 3:16 that would have

vested in defendants the power to determine whether trial would proceed as scheduled, and required amendment of the Rule to conform with the Court's opinion. *Id.* at 181–82, 574 *A.*2d 434. Similarly, the question here is whether there is reason to continue with the seeming rigidity of the language of *Rule* 3:16(b). Indeed, the Appellate Division has raised the question whether good and sufficient evidence of actual notice of a scheduled trial date can be demonstrated in ways other than through in-court notification to the defendant of the trial date.

In *State v. Mahone,* the defendant's trial date was accelerated to a date earlier than the day on which the trial court directed the defendant to appear. 297 *N.J.Super.* 524, 528, 688 *A.*2d 658 (App.Div.), *aff'd o.b.,* 152 *N.J.* 44, 702 *A.*2d 1286 (1997). The Appellate Division reversed the defendant's convictions and remanded for new trial, stating that "[a] defendant cannot be tried *in absentia* because he does not respond on short notice to a call from his attorney's office to report prior to the date he was told to do so by the judge, unless such notice was itself developed on the record 'in court.'" *Ibid.* (quoting *R.* 3:16(b)(1)). The court in *Mahone* thus suggested that a reliable inference of actual notice of the trial date can be satisfied either by a court's personal direction to a defendant to be present on the date fixed for trial or by a defendant's in-court acknowledgment on the record of a procedure through which he would remain available for an attorney's communication concerning the scheduling of trial. *Id.* at 529, 530, 688 *A.*2d 658. The Appellate Division's approach suggests that there can be reasonable accommodation of the competing rights of the accused to be present at trial and the trial court's need to efficiently manage the criminal calendar. As the Appellate Division opined in *Mahone,* actual notice of the trial date should suffice. We agree, and our Rules should reflect that reasonable accommodation of the rights and interests at stake.

We are informed by the Administrative Office of the Courts that last year approximately forty-nine trials *in absentia* were conducted statewide. Although not an excessively high number, the

reality is that trials *in absentia* will continue to take place. We need to ensure that a trial court proceeding with a trial *in absentia* is relying on sufficient indicia of actual knowledge by a defendant to infer knowing waiver of the right to attend trial so that precious resources are not wasted in having to retry an absent defendant later.

For those reasons, we refer to the Criminal Practice Committee reconsideration of the Rules pertaining to trials *in absentia*. The Committee should consider a means by which a defendant may choose to accept continuing *Hudson* charges without personally appearing in court each time the warning is given, and should also address whether to allow a defendant to do so even before a trial date is set. A defendant would have to be informed of the consequences of agreeing to such a procedure, specifically that his or her trial date may later be communicated to the attorney of record, or through some other means, and that actual notice of that trial date would be imputed to the defendant. The burden of staying in communication with counsel and with the court should remain on the defendant so that a defendant cannot manufacture lack of notice by failing to keep counsel and the court informed of his whereabouts. Indeed, the Committee may wish to explore the creation of a facility in the assignment clerk's office dedicated to providing trial date information as an alternative way in which that information would be readily available to a defendant. The Committee also should consider whether periodic appearances by the defendant in court should be mandated to verify counsel's continued ability to communicate with the defendant. Obviously, *Rule* 3:16 would have to be amended to delete the reference to "in court" notice to the defendant of the trial date. We welcome the Committee's informed recommendations on how best to accomplish the task we entrust to it.

## V.

Defendant's judgment of conviction is reversed, and the matter is remanded for a new trial.

*For reversal and remandment*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, VERNIERO, LaVECCHIA and ZAZZALI—7

*Opposed*—None.