802 A.2d 563 (2002)
353 N.J. Super. 280
STATE of New Jersey, Plaintiff-Appellant,
v.
Tawana GIVENS, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted May 21, 2002.
Decided July 15, 2002.
*564 Fred J. Theemling, Jr., Hudson County Prosecutor, for appellant (Dawn K. Scala, Assistant Prosecutor, on the brief).
Peter A. Garcia, Acting Public Defender, for respondent (Robert Seelenfreund, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges STERN, EICHEN and COLLESTER.
*565 The opinion of the court was delivered by COLLESTER, J.A.D.
Pursuant to leave granted, the State appeals from an order granting defendant Tawana Givens a new trial and vacating a judgment of conviction entered against her as a result of a jury verdict. We reverse and remand.
On December 2, 1999, defendant and co-defendant Damian Miller were indicted for the crimes of second degree robbery, contrary to N.J.S.A. 2C:15-1, and terroristic threats, contrary to N.J.S.A. 2C:12-3a. Defendant was released on bail on her own recognizance in the amount of $5,000. Subsequently, a trial date was set for January 8, 2001, and it is agreed that defendant had actual notice of the trial date.
When defendant did not appear on January 8, 2001, the trial judge forfeited the recognizance and issued a bench warrant for her arrest. The matter was carried day-to-day to give defendant's attorney the opportunity to locate her and have her appear before the court. Two days later the court resolved to go forward with the trial as to the co-defendant and against the defendant in absentia. In addition to objection by defense counsel, the assistant prosecutor objected because "with an empty seat for Ms. Givens and Mr. Miller seated over there, Mr. Miller [would] look less guilty and Ms. Givens ... more guilty." The trial judge overruled the objections, and the trial proceeded to jury verdict. On January 12, 2001, defendant was convicted of both counts of the indictment. Her sentence date was held in abeyance pending her apprehension on a fugitive warrant.
Some time later defendant's attorney received information from an attorney with the New York Legal Aid Society that defendant was in custody in a federal detention facility in Brooklyn in lieu of bail set by the United States District Court for the Eastern District of New York. She had been incarcerated since December 13, 2000, when she was arrested by United States Customs officers at John F. Kennedy Airport after arrival from Jamaica, West Indies, on charges of importing 452 grams of cocaine into the United States in violation of 21 U.S.C. §§ 952(a)(1), 960(a)(1) and 960(b)(3). On February 6, 2001, she entered a plea of guilty and, at the time briefs were filed on this appeal, was awaiting sentence with a federal guideline imprisonment range of twenty-four to twenty-six months.
On October 18, 2001, defendant's attorney in this case filed a motion to vacate her conviction and for a new trial on grounds that defendant's absence from her trial was not voluntary under R. 3:16(b). The attorney supplied his certification detailing the defendant's arrest and continued incarceration in New York. No certification was supplied by defendant, and she was not present to give any testimony on the return date of the motion because she was not transported from the New York federal detention facility.[1]
Following argument the motion judge granted a new trial, giving the following reasons:

*566 [t]his is one of the most important and significant rights that a defendant has, that is to participate in a criminal trial, to confront witnesses, to cross-examine witnesses and to present a defense. And I see no reason why the State would be prejudiced in any way in settingsetting aside this verdict based upon my finding thatthat she did not in fact voluntarily absent herself from this jurisdiction and that to a certain extent her failure to appear was as a result of her incarceration by other authorities of whom she had no control. And so for these reasons, I do believe that she is entitled to her trial, her day in court, and I'm going to set aside the verdict and order a new trial for this defendant.
On appeal the State sets forth the following argument:
SINCE DEFENDANT HAS BEEN GIVEN ACTUAL NOTICE OF HER TRIAL DATE, WAS LATER RE-ARRESTED AND IN FEDERAL CUSTODY AT THE TIME OF HER TRIAL AND DID NOT MAKE THE COURT AWARE OF HER WHERE-ABOUTS, SHE IS DEEMED TO HAVE WAIVED HER PRESENCE AT TRIAL AND WAS PROPERLY TRIED IN ABSENTIA.

A defendant's right to be present at trial is a matter of constitutional dimension under the Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution which guarantees the right to confront witnesses. Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, 356 reh'g denied, 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970); State v. Whaley, 168 N.J. 94, 99, 773 A.2d 61 (2001); State v. Hudson, 119 N.J. 165, 172-73, 574 A.2d 434 (1990). It also impacts on the due process protection of the Fourteenth Amendment to the degree that a fair and just hearing may be thwarted. Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987); United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486, 490 (1985). However, the right is not absolute. See, e.g., Diaz v. United States, 223 U.S. 442, 454, 32 S.Ct. 250, 253, 56 L.Ed. 500, 505 (1912); Whaley, supra, 168 N.J. at 100, 773 A.2d 61. A defendant may not "take advantage of his own wrong" and turn the proceedings into a "solemn farce" by absenting himself from his own trial and thereby frustrate the legal process of justice. Diaz, supra, 223 U.S. at 458, 32 S.Ct. at 255, 56 L.Ed. at 506.
The principle of voluntary waiver reconciles the defendant's constitutional right with the orderly administration of justice when a defendant fails to appear at trial. Whaley, supra, 168 N.J. at 101, 773 A.2d 61. R. 3:16 endeavors to strike a proper balance between the defendant's constitutional right, the State's prerogative to prosecute and the public's interest in the fair and efficient processing of criminal cases. In pertinent part the rule reads as follows:
The defendant shall be present at every stage of the trial ... Nothing in this Rule, however, shall prevent a defendant from waiving the right to be present at trial. A waiver may be found from ... (b) the defendant's conduct evidencing a knowing, voluntary and unjustified absence after (1) the defendant has received actual notice in court of the trial date ...
Since it is undisputed that defendant received actual notice of her trial date, it was within the discretion of the trial judge to commence her trial in absentia absent any information that her failure to appear was not "voluntary and unjustified." State v. Finklea, 147 N.J. 211, 218-19, *567 686 A.2d 322 (1996), cert. denied, 522 U.S. 837, 118 S.Ct. 110, 139 L.Ed.2d 63 (1997); Whaley, supra, 168 N.J. at 105, 773 A.2d 61; Hudson, supra, 119 N.J. at 179, 574 A.2d 434; State v. Sellars, 331 N.J.Super. 110, 119, 751 A.2d 151 (App. Div.2000); State v. Davis, 281 N.J.Super. 410, 415, 658 A.2d 303 (App.Div.1995), certif. denied, 145 N.J. 376, 678 A.2d 716 (1996); State v. Butler, 278 N.J.Super. 93, 101, 650 A.2d 397 (App.Div.1994); compare State v. Mahone, 297 N.J.Super. 524, 528, 688 A.2d 658 (App.Div.), aff'd, 152 N.J. 44, 702 A.2d 1286 (1997).
Defendant's motion for a new trial was timely under R. 3:20-2. The sole proof adduced was that she was arrested about three weeks before her trial date and had been held in a federal detention facility since that date. The State argues that the fact of her incarceration was an insufficient basis for granting a new trial, relying on our decision of State v. Canty, 278 N.J.Super. 80, 650 A.2d 391 (1994).
In Canty we reversed the dismissal with prejudice of a motion to suppress where the defendant had escaped from prison and, although recaptured, was not available for the hearing date on the motion because he was incarcerated in New York. We held that defendant's self-created inability to appear did not warrant the sanction of dismissal of the motion and that the judge "should have either postponed the hearing or proceeded in absentia." Id. at 82, 650 A.2d 391. The State contends that this language in Canty authorizes the court to proceed in absentia when the defendant is incarcerated in another jurisdiction. We disagree.
Canty involved a motion relating to the admissibility of evidence at a subsequent trial. The case limits a trial judge's power to sanction by dismissal of a pretrial motion with prejudice. It should not be read to so expand the use of in absentia trials, which are proper only under exceptional circumstances.
A trial in absentia raises the obvious risk of unfairness to defendant and, as indicated by the trial prosecutor sub judice, it may present difficulties to the prosecution as well. A finding of voluntary waiver should be made with care because a new trial must be granted if the court subsequently discovers the finding was unjustified. As we noted in Sellars,
The right to be present should not be impaired as a form of punishment for disruption of the court's calendar or in the interest of moving old cases. Implementation of R. 3:16(b) must be done carefully, in strict adherence to its terms and with sensitivity to the importance of the right being denied.
[Sellars, supra, 331 N.J.Super. at 121-22, 751 A.2d 151.]
Defendant argues that since her incarceration obviously restricted her liberty, she could not be deemed to have voluntarily waived her right to appear and is entitled to a new trial. The State submits that an incarcerated defendant would then have no reason to advise the court or counsel of his or her whereabouts and could simply await the outcome with a not guilty verdict insulated by the constitutional protection of double jeopardy and a guilty verdict automatically overturned because he or she could not voluntarily waive his or her presence.
No New Jersey case has focused on the precise issue of whether a new trial is mandated after an in absentia trial when it is subsequently determined that the defendant was incarcerated. Some jurisdictions have adopted a per se rule that a defendant is incapable of a voluntary waiver while incarcerated and that a retrial must therefore be granted in every such instance. See United States v. Fontanez, *568 878 F.2d 33 (2d Cir.1989) (after defendant was taken into custody on another charge, it was improper for the jury to hear readback of testimony in defendant's absence); People v. Liming, 183 Ill.App.3d 960, 132 Ill.Dec. 308, 539 N.E.2d 871 (1989) (held that a defendant who was incarcerated elsewhere at the time of a probation revocation hearing did not voluntarily fail to appear); State v. Houtz, 714 P.2d 677, 678 (Utah 1986) (a retrial was ordered after the State conceded that the trial court erred in proceeding with the trial after learning that defendant was in custody in another state. "When a defendant is in custody, he is not free to make a voluntary decision about whether or not he will attend court proceedings."); and State v. Chavez-Inzunza, 145 Ariz. 362, 701 P.2d 858 (Ariz.App.1985) (a defendant in prison in Mexico after violating bail condition was held not voluntarily absent from his trial).
Other courts have looked beyond the fact of incarceration and imposed a duty on the defendant to notify as to his or her incarceration. See State v. Garza, 48 P.3d 385 (Wash.App.Div.1 2002) (defendant's failure to make reasonable efforts to notify the court or counsel of his incarceration after trial commenced constituted voluntary waiver of his appearance at remainder of trial); State v. Atherton, 106 Wash.App. 783, 24 P.3d 1123 (2001) (after defendant incarcerated in midst of trial, he had duty to make reasonable efforts to advise court of situation); Commonwealth v. Perez, 757 A.2d 955 (Pa.Super.2000) (a conviction was upheld because a defendant arrested and imprisoned before trial did not advise the court or his counsel of his incarceration).
In the instant case the trial judge applied the per se analysis, holding that the fact of defendant's incarceration negated a claim of a voluntary waiver by her and mandating a new trial. We hold that more was required to substantiate this conclusion. A new trial motion under R. 3:20-2 based on a claim that the defendant did not waive his or her appearance at trial places the burden on the defendant and requires a factual evaluation by the trial judge. As stated in Finklea,
At a hearing on the motion, a defendant has the burden to show why the defendant's voluntary absence at the trial after receiving actual notice of the trial date, time and place does not constitute a knowing waiver of the right to be present. The State does not have the burden of proving that a defendant's absence is unjustified. To the contrary, a defendant has the burden of proving the absence was justified.
[Finklea, supra, 147 N.J. at 220, 686 A.2d 322.]
In the instant case the defendant neither testified nor supplied a certification as to the reason for her non-appearance at trial. The only facts before the hearing judge were contained in defense counsel's certification, which simply delineated the fact and date of defendant's incarceration in lieu of bail, the charges, the fact that she subsequently entered a plea of guilty to importing cocaine and her projected sentence. No assertion was made by the defendant or anyone else as to what efforts, if any, were made to notify the New Jersey court or her lawyer as to her whereabouts in the period of about three weeks between the date of her arrest in New York and the trial date in New Jersey of which she was aware. Nor was any contact made until months later, quite probably when defendant's New York attorney received the federal pre-sentence report which disclosed the New Jersey conviction in this case.
While incarceration is an obvious and powerful fact to be considered giving rise to a factual presumption against voluntary waiver, it should not foreclose the *569 hearing judge from further inquiry as to the reason notification was not made, whether reasonable efforts for notification were possible, what, if any, action was taken by or on behalf of the defendant, and whether the defendant understood or was capable of understanding that he or she had a duty of notification. Since the defendant neither certified or testified regarding any of these matters, we reverse the order granting a new trial and remand for further hearing pursuant to R. 3:20-2.
Reversed and remanded.
NOTES
[1] There is no indication that defendant's nonappearance on the motion return date was based on any election by her. On the contrary, defense counsel certified that he had made efforts since June 2001, to have the defendant transported to New Jersey on the fugitive warrant issued by the court. He was advised that federal authorities would not honor the request to transport her to New Jersey and the county sheriff would not travel to Brooklyn to get her and then return her. On the motion hearing date the judge also indicated difficulties in obtaining the presence of defendant.