**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2454-23

TERESA KRAWEC,

     Plaintiff-Respondent,

v.

WILTON M. KRAWEC,

     Defendant-Appellant.

_____

        Submitted May 28, 2025 – Decided August 1, 2025

        Before Judges Firko and Augostini.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. FM-20-0136-23.

        James M. Almasy, attorney for appellant.

        Hovanec & Divito, LLC, attorneys for respondent (Robert Ricci, Jr., on the brief).

PER CURIAM

Defendant Wilton M. Krawec appeals from a final judgment of divorce (FJOD) entered by the Family Part on March 6, 2024 after a default hearing, which equitably and equally distributed the parties' assets and debts. We affirm.

I.

We briefly summarize the pertinent facts and procedural history. In July 2022, after over forty years of marriage, plaintiff Teresa Krawec filed a complaint for divorce. The parties have two emancipated, adult children, ages forty-three and thirty-eight.

Trial was initially scheduled for December 2023. However, defendant's counsel sought to be relieved due to a breakdown of their relationship, so defendant sought and was granted an adjournment to obtain new counsel. The trial was rescheduled for February 2024.

In February 2024, plaintiff next requested an adjournment of the February trial dates, which was granted. The trial was again rescheduled for March 5, 2024. On March 5, 2024, the parties appeared in the morning and attempted to negotiate a settlement without success. The parties were told to return at 1:30 p.m., but defendant did not return after twenty minutes of delay, and counsel could not reach defendant. Defendant's counsel then asked for an adjournment "until [defendant] comes" back to the courtroom. After pointing out that

defendant delayed a previous trial date when he had issues with his previous counsel on the eve of trial in December, the Family Part judge mentioned potentially proceeding with a default hearing but agreed to wait ten more minutes before commencing trial. Defendant's counsel added that defendant had "stated that he would not be participating [] if the [adult] children were in the courtroom itself . . . ."

In the next few minutes, defendant returned to the courtroom but did not remain. Defendant's counsel explained his client's position:

> And as you were leaving the bench, Your Honor, [defendant] . . . did appear and when he saw that the adult children were in the courtroom[,] he decided to leave the courtroom[,] and he refuses to participate in the trial unless the children are removed. I ask that the adult children be ordered to leave the courtroom so that they're not privy to what's taking place with the divorce itself.

Noting the lack of legal authority to remove the adult children from a public courtroom, the Family Part judge stated, "[i]f [the adult children] want to be here, they have the right to be here and obviously [defendant] has the right to absent himself." Defendant's counsel stated that he explained to defendant "in detail" as to what would be occurring and the consequences should he refuse to participate.

A-2454-23

Recognizing the difficult position counsel was in, the Family Part judge nonetheless decided to suppress defendant's pleadings and proceed with a default hearing, allowing defendant's counsel to raise objections and cross-examine plaintiff.  The Family Part judge proceeded with the trial, with only plaintiff testifying.  In the middle of the proceeding, during a brief break, plaintiff's counsel made the following observation:

> I don't know if the [trial] [c]ourt is aware but during this break [defendant] entered the courtroom and wanted to know what was going on and then left again.  So I wanted to clearly . . . reflect to the [trial] [c]ourt that his lack of participating is intentional.  He's waiting in the hallway for things to resolve [themselves].

Defendant's counsel was given the opportunity to cross-examine plaintiff.  However, defendant's counsel represented that he was "directed by . . . [d]efendant not to cross-examine [] plaintiff" so he did not do so.  The Family Part judge reserved decision.

On March 6, 2024, the trial court rendered an oral decision, dissolving the parties' marriage and distributing the parties' assets, and entered the FJOD.  This appeal followed.

Defendant raises two alleged errors by the trial court for our consideration:  (1) not granting defendant's request for an adjournment; and (2) entering default although defendant's counsel was present during the trial.

4

II.

A trial court has broad discretion in controlling its calendar, and granting or denying adjournment requests. See State v. Hayes, 205 N.J. 522, 537 (2011). The standards for adjournment requests are governed by Rule 4:36-3. The Family Part judge must "assure [both] the efficient administration" of our judicial system and that decisions regarding adjournment requests comport "with the fundamental principles of justice and fairness . . . ." State v. Ruffin, 371 N.J. Super. 371, 388 (App. Div. 2004); Berkowitz v. Soper, 443 N.J. Super. 391, 407 (App. Div. 2016).

A continuance should be granted if the reasons are legitimate, for example, the unavailability of a necessary witness. State v. Tsetsekas, 411 N.J. Super. 1, 12 (App. Div. 2009). "However, every rule has its limits. Postponement requests must be considered, in part, in light of preparation efforts. If they are not, parties will have no incentive to prepare." Ibid. (internal quotations and citation omitted).

Here, defendant's counsel requested an adjournment of the trial when defendant failed to return after the lunch break and could not be reached. However, before the Family Part judge formally addressed the adjournment

A-2454-23

request, defendant returned. The adjournment request was not renewed after defendant returned.

Defendant contends that the Family Part judge should have adjourned the trial rather than suppress defendant's pleadings and dismiss his counterclaim when he refused to come into the courtroom and participate in the trial. Defendant failed to present this issue anew when he returned before the trial commenced, which deprived the Family Part judge of the opportunity to address any adjournment request. Therefore, we decline to address this contention. R. 2:10-2.

Moreover, by voluntarily absenting himself from the proceedings, the trial commenced in defendant's absence with his attorney participating. Defendant cannot now complain about his own voluntary choice to be absent. See State v. Finklea, 147 N.J. 211, 215-18 (1996) (noting that, otherwise, defendants could "halt trials merely by absenting themselves").

### III.

Defendant next contends the trial court erred by entering default since defendant's counsel was present. Again, defendant failed to raise this issue before the trial court. Therefore, we review the error under the plain error standard.

6

The plain error standard requires a determination of: "(1) whether there was error; and (2) whether that error was 'clearly capable of producing an unjust result,' [Rule] 2:10-2; that is, whether there is 'a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached.'" State v. Dunbrack, 245 N.J. 531, 544 (2021) (quoting State v. Funderburg, 225 N.J. 66, 79 (2016)).

Here, defendant not only voluntarily absented himself from the proceedings while remaining outside the courtroom, but he also directed his counsel to refrain from cross-examining plaintiff. Moreover, defendant does not claim that the Family Part judge erred in its equitable distribution of the parties' assets. Under these circumstances, we are satisfied any error did not result in an unjust outcome.

Finally, defendant argues the trial court erred by not requiring plaintiff to serve a notice of proposed final judgment twenty days prior to a default hearing, consistent with Rule 5:5-10.[1] Not only was this issue not raised before the Family Part judge, but it also may be considered invited error because any error

---

[1] Rule 5:5-10 provides: "[i]n those cases where equitable distribution, alimony, child support and other relief are sought and a default has been entered, [] plaintiff shall file and serve on the defaulting party, in accordance with R[ule] 1:5-2, a Notice of Proposed Final Judgment ("Notice"), not less than [twenty] days prior to the hearing date."

A-2454-23

in this regard was "induced, encouraged or acquiesced in or consented to" by defendant's own conduct. State v. A.R., 213 N.J. 542, 561 (2013) (quoting State v. Corsaro, 107 N.J. 339, 345 (1987)).

However, the Family Part judge did not err in proceeding with the trial without requiring a Notice because Rule 5:5-10 was inapplicable under these circumstances. Rule 5:5-10 applies to those cases "where a default has been entered" because of a party's failure to file an answer or enter an appearance in the case. Here, Rule 5:5-10 is inapplicable because defendant filed an answer and participated in pre-trial discovery and throughout the proceedings. Until the day of trial when defendant voluntarily absented himself from the proceedings, he was not in default. Additionally, defendant continued to be represented by counsel and thus was not prejudiced by the Family Part judge's decision to proceed with trial in defendant's absence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2454-23