**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0056-16T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

G.V., JR.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF C.G.L.-V AND G.V., III, MINORS.

_____

Argued May 18, 2017 — Decided August 8, 2017

Before Judges Hoffman, O'Connor and Whipple.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Essex
County, Docket No. FG-07-0102-14.

Adrienne Kalosieh, Designated Counsel,
argued the cause for appellant (Joseph E.
Krakora, Public Defender, attorney; Ms.
Kalosieh, on the brief).

Merav Lichtenstein, Deputy Attorney General,
argued the cause for respondent (Christopher
S. Porrino, Attorney General, attorney;
Andrea M. Silkowitz, Assistant Attorney

General, of counsel; Mr. Lichtenstein, on
the brief).

Lisa M. Black, Designated Counsel, argued
the cause for minors (Joseph E. Krakora,
Public Defender, Law Guardian, attorney; Ms.
Black, on the brief).

PER CURIAM

This matter returns to us following remand proceedings directed by our previous opinion, New Jersey Division of Child Protection & Permanency v. G.V., No. A-1958-14 (App. Div. Feb. 24, 2016). In this action to terminate defendant's parental rights to his two sons, C.G.L.-V and G.V., III, we found the trial court's findings of fact and conclusions of law amply supported by the record.[1]

However, although before trial the court repeatedly advised defendant on the record of the trial date and admonished him to stay in contact with his attorney, particularly if he were incarcerated, defendant did not appear at trial.[2] The trial proceeded in his absence. Defendant's attorney was present throughout the trial to represent his interests. Thereafter, it

---

[1] The boys' mother is deceased.

[2] Defendant was also ordered to contact his caseworker at the Division of Child Protection and Permanency on a weekly basis, but the last time defendant had any contact with the caseworker was on October 3, 2014, when he appeared for visitation at the Division's office. Additionally, he failed to appear for his psychological evaluation on October 29, 2014.

2

was discovered defendant had been incarcerated at the Monmouth County Correctional Facility (jail) at the time of trial, which was held on November 18 and 19, 2014.

We determined it was not clear from the record whether defendant willingly abandoned all efforts to attend and thus waived his right to appear at trial. We remanded this matter so this issue could be explored at an evidentiary hearing, at which defendant was to be provided the opportunity to introduce evidence about his intentions and the efforts he expended to attend the trial. We further stated that if the trial court determined defendant did not intend to appear and voluntarily waived his right to attend the trial, the judgment terminating the defendant's parental rights would be affirmed. Otherwise, the judgment would be vacated and the matter retried.

On remand, the trial court held an evidentiary hearing, at which the following persons testified: defendant; his caseworker at the Division of Child Protection and Permanency (Division); and the social worker at the jail who was responsible for making contacts on his behalf with, among other persons and institutions, the Division and defendant's attorney. During the hearing, defendant stated he was arrested and placed in the jail on November 7, 2014, and was aware the trial was to be held on November 18 and 19, 2014. He testified about his alleged

3

efforts, which he claimed were undertaken on an almost daily basis from the inception of his incarceration to the time of trial, to contact the social worker so that she could make the necessary telephone calls to ensure his appearance at trial.

The social worker testified the first time defendant requested she take any action was on November 19, 2014, the second and last day of trial. On this date and in accordance with defendant's instructions, the social worker called the Division for the sole purpose of advising it he was incarcerated.

The trial court found the social worker credible and defendant not credible. It noted defendant's "recanting of his daily routine of asking for help sounds rehearsed," and "conveniently amnesiac." The court further observed, "[defendant] is familiar with the system. He had been incarcerated at different times throughout the FN and the FG. At those times, he had made his whereabouts known so he could . . . attend the hearings."

On the other hand, the court found the social worker to be "honest," "trustworthy," and "presented as a professional who took the responsibilities of her position very seriously." The court credited her testimony, and, in the final analysis, concluded defendant failed to expend any effort to attend the

4

trial and waived his right to appear. We are satisfied the trial court's findings are well-supported by the record, and affirm those findings for substantially the same reasons set forth in its oral and written decisions.

The parties did not bring to our attention and we were unable to find any decisional authority on point in which a parent in a termination of parental rights proceeding was advised of the trial date but then made no effort to and in fact did not appear for trial. Defendant urges we apply the standard imposed in criminal matters when a defendant fails to appear for trial. Although the constitutional rights at stake in criminal matters are not identical to those in termination of parental rights proceedings, nevertheless, as in criminal matters, vital constitutional rights are implicated. We therefore draw an analogy from criminal law.

State v. Finklea instructs, "once a defendant has been given actual notice of a scheduled trial date, nonappearance on the scheduled or adjourned trial date is deemed a waiver of the right to be present during the trial absent a showing of justification by the defendant." State v. Finklea, 147 N.J. 211, 213 (1996), cert. denied, 522 U.S. 837, 118 S. Ct. 110, 139 L. Ed. 2d 63 (1997). Here, defendant was given repeated notices of the trial dates of November 18 and 19, 2014, and failed to

5

appear on the scheduled trial dates.  Defendant also did not provide a justification for his absence.  After an evidentiary hearing was held to provide defendant an opportunity to explain his absence from trial, the trial court determined defendant's claimed efforts to contact the Division in an attempt to secure his presence at trial were not credible, and concluded there was no valid reason to justify his failure to attend the trial.

As we stated, these findings are amply supported by the record.  Defendant contacted the social worker at the jail on November 19, 2014, the last day of trial, and requested she contact the Division, but merely to let it know he was incarcerated.  He did not instruct her to alert the Division that he wanted to attend trial that day.  The only reasonable interpretation of his actions in this matter is he never intended to attend trial.

No other issue was raised before the trial court.  On appeal, in addition to attacking the court's decision on the ground it was not supported by the evidence and thus defendant's failure to appear for trial should be excused and a new trial ordered, defendant raises a host of other issues.  However, the only argument properly before us is defendant's contention the trial court's decision is not supported by the evidence, and the legal implications to be drawn from the evidence adduced during

6

the trial. Therefore, we decline to consider the new issues defendant now raises. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).

As for the issue that is properly before us, it is well-established an appellate court's "review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). An appellate court "should not disturb the 'factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Id. at 412 (quoting Rova Farms, supra, 65 N.J. at 484).

Based upon the trial court's finding defendant waived his right to appear at trial, and our affirmance of that ruling, by this opinion we also affirm the December 3, 2014 judgment of guardianship terminating defendant's parental rights to his two sons, C.G.L.-V and G.V., III, consistent with our previous opinion.

7

Finally, the Division's motion to strike the appendix attached to defendant's reply brief is denied.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0056-16T3