**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4885-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TYIAN EDWARDS, a/k/a
TRYIAN EDWARDS, TYIAN
F. EDWARDS, TYIN F. EDWARDS,
and TYRAN F. EDWARDS,

     Defendant-Appellant.

_____

Argued March 4, 2019 – Decided March 18, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 14-06-0592.

Cody T. Mason, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Cody T. Mason, of counsel and on the briefs).

Robert J. Wisse, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Robert J. Wisse, of counsel and on the brief).

PER CURIAM

Tried before a jury on a four-count indictment, defendant Tyian Edwards was convicted of fourth-degree distribution of marijuana, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(12) (count one); third-degree distribution of marijuana within 1000 feet of a school property, N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:35-7 (count two); fourth-degree possession with intent to distribute marijuana, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(12) (count three); and third-degree possession with intent to distribute marijuana within 1000 feet of a school property, N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:35-7 (count four).

The trial judge merged count one into count two, and count three into count four, and sentenced defendant to concurrent, extended-term, eight-year sentences on counts two and four, with a four-year period of parole ineligibility.[1] This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

DEFENDANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN A DETECTIVE TESTIFIED THAT HE BELIEVED HE SAW A DRUG TRANSACTION, ANOTHER

---

[1] In a separate proceeding conducted before sentencing, a different judge denied defendant's application for admission to Drug Court.

DETECTIVE SUGGESTED THE DEFENSE SHOULD HAVE PRESENTED RELEVANT EVIDENCE, AND BOTH DETECTIVES TESTIFIED ABOUT DEFENDANT BEING IN A "HIGH-CRIME" AREA WHERE THEY HAD MADE THOUSANDS OF PRIOR ARRESTS AND DRUG SEIZURES.

A.    The Detective's Testimony that He Observed a Drug Transaction Was Improper and Its Resulting Prejudice Was Amplified by Other Testimony and the State's Opening Statement and Summation.

B.    The Detective's Testimony that Defense Counsel Could Have, and Possibly Should Have, Retrieved and Presented Relevant Surveillance Footage Unfairly Shifted the Burden of Proof to the Defense and Could Not Be Remedied by Curative Instructions.

C.    The Detectives' Testimony that Defendant Was in a "High-Crime" Area Where They Had Conducted Thousands of Successful Drug Investigations Was Irrelevant and Highly Prejudicial.

D.    The Errors at Trial Individually and Cumulatively Require Reversal of Defendant's Convictions.

POINT II

REVERSAL IS REQUIRED BECAUSE DEFENDANT'S RIGHT TO BE PRESENT WAS VIOLATED WHEN SUMMATIONS OCCURRED WHILE HE WAS INVOLUNTARILY ABSENT DUE TO AN UNRELATED ARREST.

A-4885-16T1

POINT III

A REMAND FOR RESENTENCING IS REQUIRED
BECAUSE THE COURT BASED THE SENTENCE
ON AGGRAVATING FACTORS THAT WERE
INSUFFICIENTLY EXPLAINED, WERE
SUPPORTED BY DEFENDANT'S ADDICTION,
AND WHICH FAILED TO ACCOUNT FOR
DEFENDANT'S REJECTED DRUG COURT
APPLICATIONS.

After reviewing the record in light of the contentions advanced on appeal, we affirm.

I.

On the afternoon of April 3, 2014, Detective Sal Judeh and Detective Russ Curving were conducting a narcotics investigation near an intersection. From their unmarked car, they saw a man, later identified as defendant, engage in a conversation with a woman. After their brief conversation, the woman handed defendant what appeared to be paper money, which he counted, and placed in his pants pocket. Defendant then retrieved some items from inside his waistband, and gave them to the woman.

As defendant and the woman began to leave in different directions, the detectives pulled their car up to where defendant was walking. Detective Judeh got out of the car, approached defendant, and identified himself as a police

A-4885-16T1

narcotics detective. In response, defendant "shov[ed] his right arm into his waistband." Detective Judeh grabbed defendant's arm and pulled it out of defendant's pants, causing a plastic bag to stick out of the waistband. When the detective removed the bag, he saw that it contained fifteen "baggies of marijuana." The detectives also recovered two baggies of marijuana from the woman. All of the baggies were clear and had "an 8 ball mark on them." The detectives found $175 in defendant's pants pocket following his arrest.

In addition to the testimony of Detectives Judeh and Curving, the State called two witnesses to establish that the transaction occurred within 1000 feet of a school property, and a State Police Laboratory Director, who confirmed that the baggies contained marijuana. Defendant did not call any witnesses or testify on his own behalf.

## II.

In Point I of his brief, defendant argues that the trial judge erred by denying his motion for a mistrial after the judge sustained defendant's objections to certain remarks the detectives made during their testimony. This argument lacks merit.

On cross-examination, defense counsel posed a series of questions to Detective Judeh about his decision not to retrieve surveillance video of

defendant's encounter with the woman on the street. On redirect, the prosecutor asked the detective to "explain to the jury what kind of cases you will pull . . . surveillance footage on." The detective replied:

> Oh, yes. Very easy. If my investigation started utilizing the cameras, I would want that as proof. But if my case started [as] an observation on the street, and my investigation detailed further with the recovery and having probable cause to arrest the individual, there would be no need to go around and retrieve other cameras. <u>That would be maybe the defense attorney's responsibility.</u>
>
> [(emphasis added).]

Defendant's attorney immediately objected, and argued that the highlighted comment, which the prosecutor had not solicited, incorrectly implied that defendant had the responsibility to gather evidence to demonstrate his innocence. The judge immediately excused the jury, conducted argument on defendant's objection, sustained the objection, and decided to give the jury a strong curative instruction to address the situation. When the trial resumed, the judge gave the following charge to the jury:

> I instruct you in the strongest terms possible that you are to disregard that comment or that answer in its entirety. Do not consider it at all in your deliberations. Don't even think about it one more second . . . I cannot emphasize enough how you are to disregard that remark and remember that the defendant has to do nothing, zero to defend himself. He doesn't have to call a witness.

6

Does not have to test (sic) -- nothing. Okay. The sole burden is on the Prosecutor's Office. Not the defendant. The defendant does not have a duty to prove his innocence. Now let me just read to the instruction again. And let me start with the beginning.

The indictment is not evidence of defendant's guilt on the charges. An indictment -- and just in case that you may have forgotten that I said that. An indictment is a step in the procedure to bring the matter before the Court and jury for the jury's ultimate determination as to whether the defendant is guilty or not guilty on the charges stated in it.

Mr. Edwards has pleaded not guilty to the charges, and he is presumed to be innocent. Unless each and every element of the offenses charged are proved beyond a reasonable doubt, Mr. Edwards must be found not guilty of that charge. The – and – and this is what I'm really going to emphasize. The burden of proving each element of the charge beyond a reasonable doubt rests upon the State and that burden never shifts to the defendant. It is not the obligation nor is it the duty of a defendant in a criminal case to prove his innocence or offer any proof relating to his innocence.

The prosecution must prove its case by more than a mere preponderance of the evidence, yet not necessarily to an absolute certainty. The State has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases where you were told that it is necessary to prove only that a fact is more likely true than not true. In criminal cases, the State's proof -- proof must be more powerful than that. It must be beyond a reasonable doubt.

Please disregard that answer.

A-4885-16T1

Later, during Detective Curving's testimony, the prosecutor asked the detective "what was [he] able to observe" when he saw defendant speaking to the woman on the street. The detective replied, "I was able to observe something that was like a drug transaction." Defense counsel objected to this response, and argued that the reference to a "drug transaction" was contrary to the Supreme Court's holding in State v. McLean, 205 N.J. 438, 443, 463 (2011), that a lay witness may not "invade[] the fact-finding province of the jury" by offering "an opinion on matters that were not beyond the understanding of the jury." After considering the argument of counsel, and sustaining defendant's objection, the judge gave the following forceful curative instruction to the jury:

> [T]he Detective testified that he observed a drug transaction. That is -- that's an opinion that he -- that you are to reject. You are to come to the -- you are the ultimate determinators (sic), if that's such a word, of whether or not what he observed was a drug transaction. Okay. So I'm going to strike his answer – that answer from the record. And I ask you again, as with the other comment, please do not consider it in any way in your deliberations. You're the ultimate judges of the facts. You will decide whether or not what occurred in that street was or was not a drug transaction based upon the officer's testimony, if you find it to be credible, et cetera.

The judge also denied defendant's motion for a mistrial based upon these two comments. In a thorough oral decision, the judge explained that the

prosecutor had not sought to elicit either of the remarks, and stated that he provided "an incredibly emphatic instruction to the jury in both cases." On appeal, defendant asserts that the judge erred by denying his motion for a mistrial. We disagree.

"A mistrial is an extraordinary remedy[]" that should be employed "[o]nly when there has been an obvious failure of justice[.]" State v. Mance, 300 N.J. Super. 37, 57 (App. Div. 1997). "Whether manifest necessity mandates the grant of a mistrial depends on the specific facts of the case and the sound discretion of the court." State v. Allah, 170 N.J. 269, 280 (2002) (citing State v. Loyal, 164 N.J. 418, 435 (2000)).

"The decision to grant or deny a mistrial is entrusted to the sound discretion of the trial court[.]" State v. Harvey, 151 N.J. 117, 205 (1997). We "should defer to the decision of the trial court, which is in the best position to gauge the effect of the allegedly prejudicial evidence." Ibid. We will not disturb a trial judge's ruling on a motion for a mistrial unless it is an abuse of discretion resulting in a "manifest injustice." State v. DiRienzo, 53 N.J. 360, 383 (1969).

Applying these principles, we conclude that the judge properly addressed the issue. Both of the remarks were fleeting and unsolicited. The judge immediately sustained defense counsel's objections and issued forceful and

comprehensive curative instructions to the jury to disregard the detectives' comments that we presume the jury followed.  State v. Smith, 212 N.J. 365, 409 (2012) (citing State v. Loftin, 146 N.J. 295, 309 (1996)).  Under these circumstances, the judge did not abuse his discretion by denying defendant's motion for a mistrial.

Defendant also argues that the detectives improperly referred to the intersection near where the incident occurred as a "high-crime area."  Before the trial commenced, however, defense counsel agreed with the State that the reference was not objectionable.  Thus, any error in permitting these brief references was clearly invited and, therefore, not a basis for reversal on appeal. State v. A.R., 213 N.J. 542, 561 (2013) (stating that "if a party has 'invited' the error, he is barred from raising the objection for the first time on appeal").

In any event, we discern no error in the admission of this testimony.  Both detectives had extensive experience in conducting narcotics investigations in the area near the intersection, and describing the area would help the jury understand why the detectives had set up a surveillance there.  Thus, under Rule 701, their testimony was properly admitted.  N.J.R.E. 701 (stating that a "witness' testimony in the form of opinions or inferences may be admitted if it (a) is

rationally based on the perception of the witness and (b) will assist in understanding the witness' testimony or in determining a fact in issue").

Finally on this point, defendant asserts that the cumulative prejudice of the errors he raises deprived him of a fair trial. Having rejected defendant's contention that any error occurred during the trial, we also reject his cumulative error argument.

III.

Defendant's argument in Point II that the trial judge deprived him of his Sixth Amendment right to participate in his trial does not require extended comment. Defendant did not show up at the courthouse on the morning summations were to be presented to the jury. He did not call the court, his attorney, or his grandmother. The judge waited until 10:30 a.m., conferred with counsel, and decided to proceed with the summations. When asked by the judge whether she wanted him to give the jury an instruction concerning defendant's absence, his attorney replied that she would prefer to wait until the final charge to do so. The attorneys then presented short summations to the jury.

After the jury left the courtroom on a break, defendant called his attorney and reported that he was on his way. He arrived at approximately 12:00 noon.

11

In response to his inquiry, defendant gave the judge a vague explanation for his absence. Defendant stated that he

> was with a family member and we actually was chilling last night and he got into some trouble. It falled [sic] offer to the next morning whereas I wasn't in trouble, it's just that I had to find my way from a certain situation, a place, to get to here.

When further pressed, defendant told the judge,

> I was riding with my cousin and he got pulled over. Basically, like, they just hold me for the morning and when . . . they let me go I had no money to get to where I was at so I had to call people to get all the way from Newark to Paterson.

Defendant claimed he left the cell phone in his cousin's car and could not access it to call his attorney. As set forth above, however, he contradictorily stated he "had to call people" to arrange to get to the courthouse.[2] In his final instructions to the jury later that day, the judge stated:

> As you know, Mr. Edwards was partially absent from the trial today. You should not speculate about the reason for his absence. You are not to consider for any purpose or in any manner in arriving at your verdict the fact that Mr. Edwards was only partially present for trial today. That fact should not enter into your deliberations or discussions in any manner at any time. Mr. Edwards is entitled to have a jury consider all the

---

[2] At a later Drug Court proceeding, defendant's attorney stated that defendant "was very disheveled" when he arrived late to court, and smelled of alcohol. The attorney also reported that defendant threw up in the courtroom.

evidence presented at trial. He is presumed innocent even if he is not partially present.

Under these circumstances, we conclude that the judge properly allowed summations to proceed in defendant's absence. As defendant points out, the State and federal constitutions guarantee a criminal defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. "Essential to that guarantee is the right of the accused to be present in the courtoom at every stage of the trial." State v. Luna, 193 N.J. 202, 209 (2007). It is undisputed that summations serve an "important function" at a trial. State v. Brown, ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 6).

However, "[t]he right to be present at trial is not absolute. Otherwise, defendants could halt trials simply by absenting themselves." Luna, 193 N.J. at 210 (citing Diaz v. United States, 223 U.S. 442, 458 (1912)). Our Supreme Court has held in interpreting Rule 3:16(b), which provides that a trial may be held in abstentia when a defendant explicitly or implicitly waives the right to be present, that where a defendant has not expressly waived his right to be present on the record, "the touchstone is whether a defendant's conduct reveals a knowing, voluntary, and unjustified absence." Ibid.

This standard was clearly met here. Defendant failed to appear in court without any explanation. He did not attempt to contact the court or his attorney,

although he stated he called other "people" in an attempt to get to the courthouse, even though he also claimed he could not access his cellphone. While defendant now argues in his appellate brief that he was incarcerated overnight, he did not make that specific claim during his colloquy with the judge. Indeed, he stated that he "wasn't in trouble." Defendant also did not present any paperwork indicating he had been incarcerated. In any event, even if defendant was incarcerated, he still had the obligation to provide notice to the court and his attorney. State v. Givens, 353 N.J. Super. 280, 288-89 (App. Div. 2002).

Moreover, defendant has failed to demonstrate any prejudice from his absence during the summations. See State v. Dellisanti, 203 N.J. 444, 461 (2010) (noting that a defendant must demonstrate that he or she has suffered prejudice from his lack of participation at trial). The facts of this case were not complex, nor were the legal arguments presented by the attorneys in this hand-to-hand drug transaction case. Defendant was present for the cross-examination of the witnesses against him, and at all other stages of the trial. In addition, the judge carefully explained to the jury that it could not consider defendant's partial absence for any purpose whatsoever. Therefore, we reject defendant's argument that he is entitled to reversal of his conviction based on an asserted violation of his right to be present at trial under Rule 3:16.

A-4885-16T1

IV.

Finally, defendant argues in Point III that his sentence was excessive. We disagree.

Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "'are called to the court's attention[,]'" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

We are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing guidelines enunciated in the Code, including the imposition of consecutive sentences. Accordingly, we discern no basis to second-guess the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION