**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2248-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEVEN PEZZINO,

    Defendant-Appellant.

_____

> Argued December 1, 2021 – Decided December 15, 2021
>
> Before Judges Mayer and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 18-025.
>
> Steven Pezzino, appellant, argued the cause pro se.
>
> Gregory F. Kotchick argued the cause for respondent (Durkin & Durkin LLC, attorney; Gregory F. Kotchick, of counsel and on the brief).

PER CURIAM

Defendant Steven Pezzino appeals from a December 24, 2019 Law Division order finding him guilty of violating several zoning ordinances in the Township of East Hanover (Township). We affirm.

Defendant received three summonses in 2015 for violating Township ordinances. The summonses charged defendant with the following: erecting a six-foot high fence in his front yard without a permit, Ordinance 95-65B(2); storing more than three motor vehicles on his property, Ordinance 95-50-A(2)(a); and storing vehicles in his front yard and not on a driveway or other parking surface, Ordinance 1119A-13(F)(1).

The following facts were adduced during the municipal court trial. In 1992, defendant purchased a home in East Hanover. The property is located at a "bend in the street" according to defendant. However, the Township considered defendant's property to be a corner lot with "two front yards" because the front door of the home and the driveway face two different streets.

In July 2012, the Township's building inspector went to defendant's house in response to residents complaining defendant stored old cars on his property. The municipal building inspector confirmed the cars situated on defendant's property were lawfully registered and took no further action at that time.

A-2248-19

In January 2015, the Township's code enforcement officer served defendant with three "Notices of Abatement," citing defendant for violation of municipal ordinances. The notices gave defendant until February 10, 2015, to correct the violations to avoid issuance of any summons. Defendant failed to cure the violations and the municipal code enforcement officer issued summonses on June 2, 2015.

Defendant proceeded to trial on the ordinance violations in municipal court. At the municipal trial, the Township's code enforcement officer testified the Township received numerous complaints regarding the number of vehicles, as many as eight, parked on defendant's property. Defendant also stored his vehicles on a gravel surface adjacent to his driveway. Under the Township's ordinance, it is illegal for a homeowner to enlarge a driveway without a permit. Defendant never applied for a permit to enlarge his driveway to accommodate his cars.

During the municipal court trial, the judge also heard testimony regarding a six-foot resin fence erected on defendant's property in violation of a Township ordinance. The Township's code enforcement officer explained the Township's ordinance allowed only a four-foot chain link fence in the front yard of a home. Further, a homeowner is required to apply for a construction permit prior to

installing a fence. The homeowner must also provide a professional survey showing the proposed location of the fence and obtain a zoning permit.

Defendant testified he submitted an application to install a fence in May 2014. However, the Township's code enforcement officer testified the application failed to include the required professional survey. Defendant then hired a Pennsylvania company to conduct the necessary survey.

Defendant claimed he presented the survey to the Township's code enforcement officer's secretary, who purportedly advised he could construct the fence. The secretary testified she never stated defendant could build a fence and she lacked the authority to approve any fence construction. According to defendant, based on the secretary's statement, he hired a contractor to build the fence. However, defendant offered a 2014 survey as evidence during the trial which showed a six-foot fence already existed on the property.

The municipal court judge inquired if the survey was conducted before or after the fence was erected. Defendant testified he was "not sure." Defendant admitted he never applied for, or received, a fence permit.

After hearing the testimony and reviewing the evidence, the municipal court judge found defendant guilty of all three municipal ordinance violations and imposed over $16,000 in fines.

4

Defendant appealed his municipal court convictions to the Superior Court, Law Division. The Law Division judge conducted a de novo review of the facts from the record of the municipal court proceedings in accordance with Rule 3:23-8 and issued an eight-page written decision. The judge agreed with the municipal court judge's credibility determinations. Specifically, the Law Division judge noted defendant "was not a reliable historian" and his testimony before the municipal court judge was "equivocal and vague."

Regarding the installation of a fence without a permit, the Law Division judge found defendant filed an application for construction of a fence, but the 2014 application lacked the required survey to be deemed a completed application. The subsequent survey submitted in support of defendant's application showed a six-foot fence already existed on the property as of June 2014. The Law Division judge concluded the Township's ordinance governing fencing required a permit prior to any fence construction and defendant never received such a permit or any verbal authorization to build the fence. Additionally, the Law Division judge determined defendant erected his fence prior to submitting a completed application based on the 2014 survey of defendant's property.

A-2248-19

Regarding the number of vehicles parked on defendant's property, defendant admitted to storing more than three cars. The Law Division judge found the ordinance limiting the number of vehicles allowed on a residential property was clear and unambiguous, and defendant admitted violating the ordinance by having more than three cars stored on his property. However, the judge agreed with defendant that the Township's former mayor created confusion concerning the number of vehicles defendant could park on his property. The former mayor, absent any legal authority, apparently granted a private exemption from the ordinance's provisions and allowed defendant to store more than three cars at his home.

The Law Division judge rejected defendant's argument regarding the Township's selective enforcement of the parking ordinance. Other than his own self-serving testimony, defendant failed to provide evidence of other properties in the municipality with more than three parked cars to support his selective prosecution and enforcement argument.

Regarding the enlargement of defendant's driveway, the Law Division judge found defendant, without a permit, "parked no less than eight cars on a gravel surface adjacent to his driveway." Under the Township's zoning code,

6

all driveway construction required a permit and defendant never applied for a permit.

Regarding the unlawful parking of cars in the front yard, the Law Division judge rejected defendant's argument. The Law Division judge concluded defendant is bound by the municipality's determination in 2015 that his home has two front yards due to its location. While defendant claimed to have appealed the Township's designation of two front yards for his home, the record was devoid of any evidence defendant challenged the municipality's determination.

Based on his de novo review of the evidence presented to the municipal court judge, the Law Division judge found defendant guilty of all three zoning ordinance violations. However, based on the "[s]ubstantial confusion . . . occasioned by the wrongful issuance of a purported 'private exemption' from the former mayor to [defendant]," the Law Division judge substantially reduced the fines imposed to $549. The Law Division judge granted defendant "a final opportunity to correct the deficiencies" and instructed defendant "to cure all property deficiencies and violations" by May 31, 2020 to avoid potential "exposure to continuing violations, fines and penalties."

On appeal, defendant raises the following points:

A-2248-19

POINT I

    [DEFENDANT] WAS DEPRIVED OF DUE PROCESS WHEN THE TRIAL COMMENCED ABSENT THE DEFENDANT WITHOUT HIS CONSENT /KNOWLEDGE AND WAS HARMED WHEN THE COURT COMMITTED ERROR PERMITTING THIS.

POINT II

    THE TRIAL COURT ERRED IN FINDING [DEFENDANT] GUILTY. (Not raised below)

POINT III

    COUNSEL WAS INCOMPETENT, FAILED TO PROVIDE [DEFENDANT] WITH EFFECTIVE ASSISTANCE, WHEREBY HE DEPRIVED THE DEFENDANT OF HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT FAILING TO MAKE ANY RATIONAL LEGAL ARGUMENTS IN REBUTTAL. (Not raised below)

We find defendant's arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We add only the following comments.

"The review in the Law Division is de novo on the record, although the court must give 'due regard to the municipal judge's opportunity to view the witnesses and assess credibility.'" State v. Golin, 363 N.J. Super. 474, 481 (App. Div. 2003) (citing State v. Johnson, 42 N.J. 146, 157 (1964)); see also R. 3:23-

8(a)(2). On appeal from the Law Division judge's decision, we must determine whether the Law Division judge's findings "could reasonably have been reached on the sufficient credible evidence present in the record." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting Johnson, 42 N.J. at 162). Our review of municipal court convictions is "exceedingly narrow." Id. at 470. Additionally, "appellate review of a municipal appeal to the Law Division is limited to the 'action of the Law Division and not that of the municipal court.'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)).

Contrary to defendant's arguments, the Law Division judge made his own findings of fact based on the record before the municipal court judge and counsels' arguments on the municipal appeal. The Law Division judge also properly acknowledged the municipal judge's opportunity to observe, first-hand, the demeanor of the witnesses. Based on the Law Division judge's review of the transcripts from the municipal court proceeding, he agreed with the municipal court judge's credibility determinations and concluded those determinations were supported by the record.

9 <span>A-2248-19</span>

We also reject defendant's claimed due process violation based on the Law Division judge's proceeding with the trial de novo absent defendant's presence in the courtroom.

Criminal defendants are generally entitled to be present for every part of their proceedings unless their appearance is waived. Rule 3:16(b) allows defense counsel to waive a defendant's appearance. However, since a sentence "cannot be increased on a municipal appeal and the matter is almost always tried de novo on the record, defendants frequently elect not to attend when represented by counsel." State v. Taimanglo, 403 N.J. Super. 112, 121 (App. Div. 2008) (internal citations omitted). "Because of the nature of a trial de novo, we need not require strict adherence to the waiver rules and cases governing indictable offenses . . . ." Id. at 121 n.6. A "trial court has wide latitude in conducting" a waiver inquiry. State v. Luna, 193 N.J. 202, 214 (2007). In reviewing a waiver of a criminal defendant's appearance, the "trial judge should attempt to learn where the defendant is and why he is absent and make appropriate factual findings." State v. Davis, 281 N.J. Super. 410, 416 (App. Div. 1995).

Here, the Law Division judge asked why defendant was absent from the trial de novo proceeding. Defendant's attorney responded there was "confusion"

regarding the trial date, and counsel made a mistake. The Law Division judge explained "[defendant] has a right to be present" and asked defense counsel if he was "waiving [defendant's] presence." Defense counsel replied that defendant was getting married in another state and unable to attend the trial de novo. Defendant's attorney then stated he was "prepared to waive." Under these circumstances, the judge satisfied his obligation by obtaining confirmation from defense counsel as to the reason for defendant's absence and the ability to proceed without defendant in the courtroom.

Moreover, the Law Division judge proceeded with a trial de novo based on the record before the municipal court judge. Defendant's claim he was denied an opportunity to participate in the hearing before the Law Division judge is without merit because no additional testimony is taken during a trial de novo. The de novo hearing is based solely on the record before the municipal court judge and the briefs submitted to the Law Division judge. Further, defendant failed to demonstrate he suffered any prejudice based on his absence from the trial de novo hearing. Nor do we discern any resulting prejudice to defendant based on our review of the record.

We also reject defendant's ineffective assistance of counsel claim based on the Law Division judge's substantial reduction in the fines and costs imposed.

11

The amount of the fines decreased from $16,000 assessed by the municipal court judge to $549 imposed by the Law Division judge. Further, at the request of defense counsel, the Law Division judge gave defendant additional time to cure the violations and deficiencies on his property. Having reviewed the record, we are satisfied there is no evidence defense counsel's performance was deficient or that defense counsel's handling of the municipal appeal prejudiced defendant such that the outcome of the trial de novo would have been different.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2248-19