**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3381-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEGWIN CLARKE,

    Defendant-Appellant.

_____

Argued September 17, 2024 – Decided October 11, 2024

Before Judges Gilson and Firko.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 22-12-1430.

David Cory Altman, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; David Cory Altman, of counsel and on the brief).

Kenneth R. Paulus, Jr., Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Kenneth R. Paulus, Jr., on the brief).

PER CURIAM

We granted defendant Kegwin Clarke leave to appeal from an order that denied his motion to appear remotely, via a webcam video link, at an evidentiary hearing or, alternatively, to waive his appearance at that hearing. We now reverse the order and remand the matter with directions that the trial court allow defendant to appear remotely because he is detained in a New York State prison, cannot currently be brought to New Jersey, and there is no reason to deny his request to appear remotely given the nature of the evidentiary hearing.

## I.

In early 2022, defendant became a suspect for a murder that occurred in New York City. Law enforcement personnel in New Jersey, working with law enforcement personnel from New York, obtained a warrant to search an apartment in New Jersey that was believed to be defendant's residence. The warrant also authorized a search of defendant's car and his person.

On February 5, 2022, at approximately 5:50 a.m., law enforcement personnel executed the warrant and searched an apartment located in Bayonne, New Jersey. During the search, law enforcement personnel discovered and seized two loaded handguns, assorted ammunition, including large capacity magazines, more than six ounces of marijuana, over $3,300 in cash, and

2

documents associated with defendant, including his passport and driver's license. Defendant was also found at the apartment and was arrested.

The State moved to detain defendant in New Jersey, but that motion was denied on February 14, 2022. Thereafter, defendant was extradited to New York and detained on the New York murder charge. Defendant is still being detained pretrial at Rikers Island prison in New York.

In December 2022, a Hudson County grand jury indicted defendant for six crimes: third-degree possession of marijuana with the intent to distribute, N.J.S.A. 2C:35-5(a)(1); two counts of second-degree possession of a firearm while committing a controlled dangerous substance crime, N.J.S.A. 2C:39-4.1(a); two counts of fourth-degree possession of prohibited ammunition, N.J.S.A. 2C:39-3(j); and third-degree receiving stolen property (that is, one of the handguns), N.J.S.A. 2C:20-7(a).

In November 2023, defendant moved in the New Jersey action to suppress the evidence obtained during the search. He contends that the warrant was not properly executed because law enforcement personnel did not knock on the door and announce their presence before entering the apartment. The State opposed defendant's motion and requested an evidentiary hearing. Because defendant is being detained pretrial in New York, he is not eligible to be brought to New

Jersey under the Interstate Agreement on Detainers (the IAD), codified in New Jersey under N.J.A.C. 10A:31-30.1 to 10A:31-30.5. Defendant therefore requested to appear remotely at the evidentiary hearing on his motion to suppress or, alternatively, to waive his appearance at that hearing. In support of his alternative request, defendant submitted an affidavit explaining his decision to waive his appearance at the evidentiary hearing. The State opposed that request.

On April 23, 2024, the trial court heard arguments on defendant's request to appear remotely or to waive his appearance. The court also questioned defendant under oath via a video link. Thereafter, on May 21, 2024, the trial court denied defendant's motion to appear remotely and denied his motion to waive his appearance at the evidentiary hearing on his motion to suppress. In support of that ruling, the trial court issued a written opinion.

Defendant moved for leave to appeal and we granted that motion. We also accelerated the matter, gave the parties an opportunity to file additional briefs and materials, and then heard arguments on the appeal.

II.

On appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – THE TRIAL COURT ERRED IN REFUSING TO CONDUCT AN EVIDENTIARY

4

HEARING BECAUSE [DEFENDANT] IS CONFINED IN NEW YORK.

> A. The trial court abused its discretion denying [Defendant] the ability to continue appearing by video link for the evidentiary hearing held on his suppression motion.
>
> B. The trial court abused its discretion concluding that [Defendant's] highly informed waiver of appearance was offered involuntarily.[1]

A. Our Standard of Review.

A defendant has a constitutional right to be present at every critical stage of a criminal proceeding. State v. Reevey, 417 N.J. Super. 134, 149-50 (App. Div. 2010); State v. Robertson, 333 N.J. Super. 499, 509 (App. Div. 2000). Accordingly, Rule 3:16(a) directs that a "defendant must be present for every scheduled event unless excused by the court for good cause shown." R. 3:16(a).

A trial court has broad discretion in controlling the courtroom and court proceedings. State v. Pinkston, 233 N.J. 495, 511 (2018); State v. Jones, 232 N.J. 308, 311 (2018). Appellate courts "apply the abuse of discretion standard when examining the trial court's exercise of that control." Jones, 232 N.J. at 311. A trial court abuses its discretion "by relying on an impermissible basis,

---

[1] We have not included defendant's argument on why leave to appeal should be granted.

A-3381-23

by relying upon irrelevant or inappropriate factors, by failing to consider all relevant factors, or by making a clear error in judgment." State v. S.N., 231 N.J. 497, 500 (2018); see also State v. Chavies, 247 N.J. 245, 257 (2021). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." State v. R.Y., 242 N.J. 48, 65 (2000) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (alterations in original). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Moring Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

B.    The Request to Appear Remotely.

In opposing defendant's request, the State relied on section two of the Supreme Court's October 27, 2022 order titled, "The Future of Court Operations – Updates to In-Person and Virtual Court Events" (the October 2022 Order). In relevant part, the October 2022 Order directs that criminal proceedings, including "evidentiary hearings," "will generally proceed in person but may proceed virtually with the consent of all parties[.]"  The trial court accepted the

State's position that allowing defendant to appear remotely would constitute a virtual proceeding and because the State would not consent to his remote appearance, the trial court held that defendant had no right to appear virtually. We believe the trial court misinterpreted the October 2022 Order.

The October 2022 Order established an "updated framework for court operations to allow more in-person proceedings" and superseded the Court's November 18, 2021 order, which addressed court operations during the COVID-19 pandemic. The Court explained that it was issuing the October 2022 Order to establish "a more sustainable approach to court operations in order to optimize access, participation, and the timely administration of justice."

As already noted, section two of the October 2022 Order allows for virtual proceedings with the consent of all parties. Section seven of the October 2022 Order goes on to explain that "[c]ourt events will be scheduled and conducted consistent with the principles of procedural fairness." And "[i]n individual cases, all judges will continue to have discretion to grant an attorney or party's reasonable request to participate in person in a virtual proceeding or to participate virtually in a matter being conducted in person."

Accordingly, the initial question we must decide is whether the October 2022 Order considers a proceeding to be a virtual proceeding if a defendant

requests to appear remotely. Read in full context, and in particular giving meaning to the Court's express purpose of "optimizing access," we hold that defendant's request did not convert the evidentiary hearing into a virtual proceeding. Defendant was clear in his application that the proceeding would take place in court. Accordingly, all counsel and witnesses will appear in person, in court, for the motion to suppress evidentiary hearing. It was only defendant who requested to appear remotely via video link. We conclude that defendant's request was controlled by section seven (b) of the October 2022 Order, which grants courts discretion to allow a "party's reasonable request . . . to participate virtually in a matter being conducted in person."

Our interpretation is consistent with <u>Rule</u> 1:2-1(b). That <u>Rule</u>, which became effective September 1, 2021, states:

> Contemporaneous Transmission of Testimony. Upon application in advance of appearance, unless otherwise provided by statute, the court may permit testimony in open court by contemporaneous transmission from a different location for good cause and with appropriate safeguards.
>
> [<u>R.</u> 1:2-1(b).]

In that regard, we have recently held that the October 2022 Order does not preclude a trial court from allowing a witness to testify remotely at an evidentiary hearing without the State's consent. <u>State v. Lansing</u>, No. A-1592-

23 (App. Div. Oct. 3, 2024) (slip op. at 12).  In <u>Lansing</u>, we explained that <u>Rule</u> 1:2-1(b) and the October 2022 Order address the use of remote testimony in criminal proceedings.  <u>Ibid.</u>  We also explained that the October 2022 Order "recognizes that 'judges also routinely exercise discretion to permit individuals to participate virtually as necessary for health and other reasons.'" <u>Ibid.</u> (quoting October 2022 Order).  We held that a "trial court retains its authority to permit remote testimony by witnesses at those proceedings where 'good cause' is shown and 'appropriate safeguards' are imposed."  <u>Id.</u> (slip op. at 13).  <u>See also</u> <u>Pathri v. Kakarlamagh</u>, 462 N.J. Super. 208, 216 (App. Div. 2020) (setting forth factors that are useful guidelines for deciding "good cause" and "appropriate safeguards" for allowing virtual testimony).

Consequently, the trial court here erred in interpreting the October 2022 Order.  Given the record, however, we need to remand for the court to exercise its discretion.  The record clearly establishes that defendant made a knowing, voluntary, and informed decision in requesting to appear remotely and the State articulated no legitimate reason why that request should have been denied.  In that regard, we note that it is not clear whether defendant will elect to testify at the evidentiary hearing or simply observe.  But, even if he makes the election to testify, he is available to testify under oath via video link.

Moreover, as analyzed in the next section, the record establishes that defendant made a knowing, voluntary, and informed decision to waive his appearance at the evidentiary hearing if he was not allowed to appear remotely. Consequently, the record also establishes that the trial court abused its discretion in not accepting defendant's waiver. We go on to analyze that waiver because should something prevent defendant from appearing remotely, the hearing should still go forward without defendant being present.

C. Defendant's Waiver.

A suppression hearing is a critical stage in a criminal proceeding and defendant has a constitutional right to be present. Robertson, 333 N.J. Super. at 508-09. See also Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934); State v. Whaley, 168 N.J. 94, 99-100 (2001). Nevertheless, the "right to be present at a criminal trial belongs to no one other than the defendant[,]" State v. Ingram, 196 N.J. 23, 45 (2008), and it may be waived, State v. Morton, 155 N.J. 383, 434-36 (1998) (explaining that the "constitutional nature of this right, however, does not preclude its waiver") (citations omitted).

Rule 3:16(b) permits a defendant to waive his presence at trial, or any critical stage of the criminal proceeding. Robertson, 333 N.J. Super. at 509-10 (holding that the waiver provisions of Rule 3:16(b) apply to a defendant's

request to waive his appearance at a suppression evidentiary hearing).  The rule permits a defendant to waive his presence if "(a) [his or her] express written or oral waiver [is] placed on the record, or (b) [his or her] conduct [evidences] a knowing, voluntary, and unjustified absence[.]"  R. 3:16(b).  Rule 3:16(a) also permits excusing a defendant from any pre-trial court proceeding where there is good cause shown.  R. 3:16(a).

The New Jersey Supreme Court has offered guidance in determining whether a defendant has appropriately waived his or her right to be present.  See State v. Tedesco, 214 N.J. 177, 191-97 (2013) (addressing the defendant's request to waive his appearance during sentencing); State v. Dunne, 124 N.J. 303, 317 (1991) (addressing the defendant's request to waive his appearance at trial).  The Court has explained that in evaluating a defendant's request to waive his or her appearance, the trial court should consider (1) if the waiver is voluntary, knowing, and competently made with the advice of counsel; (2) if the waiver is tendered in good faith or offered to procure an impermissible advantage; and (3) whether, considering all relevant factors, the court should grant or deny the request in the circumstances of the case.  Tedesco, 214 N.J. at 192-93; Dunne, 124 N.J. at 317.

A-3381-23

In this matter, both the State and defendant agree that there is no mechanism to bring defendant to New Jersey at the current time. Defendant is being detained in New York on pending New York criminal charges. The IAD allows defendants who are serving a sentence to be temporarily extradited to another state to resolve pending criminal charges. The State, defendant, and the trial court all agreed that the IAD does not permit defendant to be brought to New Jersey until he is either released from New York prison or is convicted and sentenced on the pending New York charges.

In considering defendant's request to waive his appearance, the trial court questioned defendant under oath via video link. The trial court found that defendant "was competent, fully understood the rights he was waiving, and sought to do so in good faith." The trial court, however, went on to deny defendant's waiver based principally on two answers defendant provided. Defendant had explained that he would prefer to be present in person for the evidentiary hearing if he was detained in a facility, such as Hudson County jail, where he could be brought to court in person. Defendant also explained that one of his motivations for waiving his appearance, and seeking to move the suppression hearing forward, was his hope that it would allow his pending New

York charges to proceed more expeditiously. Based on those answers, the trial court reasoned:

> This suggests that [d]efendant is seeking to waive his appearance based on factors that are out of his control, and the decision of whether or not to be present has been taken out of his hands. The inability to secure his appearance is not only influencing his decision, it is making the decision for him. This court finds that [d]efendant's waiver of his appearance at the evidentiary hearing was coerced by factors out of his control, and therefore is not being made voluntarily.

We conclude that the trial court's reasoning was an abuse of discretion. Defendant is not in New York voluntarily. He is being held there on pending criminal charges. He, therefore, cannot currently be brought to New Jersey. Those undisputed facts, however, do not convert defendant's decision into an involuntary decision. Defendant's testimony establishes that he clearly understands that he is waiving his right to appear at the evidentiary hearing. Accordingly, the record establishes that defendant's waiver was voluntary, knowing, and competently made with the advice of counsel. The waiver was also tendered in good faith and was not offered for any impermissible advantage. It is not an impermissible advantage for defendant to want to have his New York charges move forward as expeditiously as possible. In short, a consideration of

13

the totality of the circumstances, and a balancing of the relevant interests, establishes that there is no reasonable basis to deny defendant's waiver.

D.    The Remand.

In summary, we hold that the trial court misinterpreted the October 2022 Order and that defendant's request to appear remotely did not convert the evidentiary hearing into a virtual proceeding. Instead, it was a permissible request for defendant to appear remotely at the in-person evidentiary hearing. The record establishes that that request should have been granted because defendant's request was voluntary, knowing, and informed. We, therefore, reverse and vacate the May 21, 2024 order, and remand this matter with directions that the trial court proceed to conduct the evidentiary hearing, allowing defendant to appear at the hearing remotely via video link. Moreover, should defendant not be able to appear remotely, a situation we do not think will or should happen, then the evidentiary hearing can still go forward because defendant has properly waived his appearance.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION